Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

**FILED**

FEB 1 6 2024

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

_____ Division

Case No. **4:24 CV 00312**

(to be filled in by the Clerk's Office)

**JUDGE PEARSON**

**MAG JUDGE KNAPP**

RAlPH ARNOld
_____
Plaintiff(s)
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v- KyleA. Hauswirth
HARRie HupkA
CHAPMaine BRuCV
Reena Gordon
JoeRemish Scott Nowak

_____
Defendant(s)
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)*

A.P.R 02/16/24  Paid @ 405.00  Receipt # 150269

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Page 1 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name                                    Ralph Arnold

All other names by which
you have been known:

ID Number                               388-487

Current Institution                     OHio State Penitentiary, 878
Address                                 Coitsville-Hubbard Road
                                        Youngstown     OHiO     44505
                                             City         State      Zip Code

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1
    Name                                Kyle A. Hauswirth
    Job or Title (if known)             Regional Director/Designee
    Shield Number
    Employer                            OHio Department of Corrections
    Address                             4545 Fisher Road, Suite D/O.S.C.
                                        Columbus    OHiO     43228
                                             City      State     Zip Code
    ☒ Individual capacity    ☒ Official capacity
            Operation Support Center

Defendant No. 2
    Name                                Karrie HupKA
    Job or Title (if known)             Regional Director/Designee
    Shield Number
    Employer                            OHio Department of Corrections/O.S.C.
    Address                             4545 Fisher Road, Suite D
                                        Columbus    OHiO     43228
                                             City      State     Zip Code
    ☒ Individual capacity    ☒ Official capacity

2 of 11
PAGE 2 oF 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 0 5

    Name

    Job or Title *(if known)*

    Shield Number

    Employer

    Address

Joe Remish

Unit Manager

Ohio Department of Corrections/O.S.P.
878 coitsville Hubbard Road
Youngstown    Ohio    44505
            *City*        *State*        *Zip Code*

[X] Individual capacity    [X] Official capacity

Defendant No. 0 6

    Name

    Job or Title *(if known)*

    Shield Number

    Employer

    Address

Scott Nowak

Case manager

Ohio Department of Corrections/O.S.P
878 coitsville-Hubbard Road
Youngstown    Ohio    44505
            *City*        *State*        *Zip Code*

[X] Individual capacity    [X] Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    [ ] Federal officials (a *Bivens* claim)

    [X] State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Fourteenth, Eighth, Fifth

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

PAGE
3 continued

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
    Name                 CHarMaine Bracy
    Job or Title *(if known)*
    Shield Number
    Employer            OHio Department of Corrections
    Address             4545 Fisher Road, Suite D/O.S.C.

Columbus       OHio       43 228
*City*            *State*       *Zip Code*

☒ Individual capacity     ☒ Official capacity

Defendant No. 4
    Name                 Reena Gordon
    Job or Title *(if known)*   Unit Manager CHief
    Shield Number
    Employer            OHio Department of corrections/O.S.P
    Address             ~~XXXXXX~~ 878 coitsville-Hubbard Road

youngstown     OHio   44505
*City*              *State*       *Zip Code*

☒ Individual capacity     ☒ Official capacity

**II.**    **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

    A.     Are you bringing suit against *(check all that apply)*:

        ☐ Federal officials (a *Bivens* claim)

        ☒ State or local officials (a § 1983 claim)

    B.     Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

    14Th, 8Th, 5Th

    C.     Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

**Defendant(s) as public employee's in their official capacity.**

III. **Prisoner Status**

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

| | |
|---|---|
| ☐ | Pretrial detainee |
| ☐ | Civilly committed detainee |
| ☐ | Immigration detainee |
| ☒ | Convicted and sentenced state prisoner |
| ☐ | Convicted and sentenced federal prisoner |
| ☐ | Other *(explain)* _____ |

IV. **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

**O.S.P, during the years 2019-2024**

C.  What date and approximate time did the events giving rise to your claim(s) occur?

O.S.P., Between 2019- to present 2024

D.  What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Violation of 14Th, 8Th, 5Th, admendment

## V.  Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Constitutional injuries, emotional, and mental distress

## VI.  Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

nominal damages of 200 dollars agaisnt each Defendant punitive and compensatory damages of 50,000 agaisnt each Defendant indivually and in their official Capacities

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**VII.  Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Ohio State Penitentiary

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☒ No

☐ Do not know

If yes, which claim(s)?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.     Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☒ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☒ No

E.     If you did file a grievance:

1.     Where did you file the grievance?

**My issues Have an appeal process which I Exhausted numerous times**

2.     What did you claim in your grievance?

**Appeal/O.S.P/O.S.C**

3.     What was the result, if any?

**deliberate indifference to Plaintiff's issues**

4.     What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)*

**Appeal only process**

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:

*Appeal aforementioned in page 7*

2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

*all Defendant(s) informed refer to page 7 for details.*

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

*N/A*

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) _____

   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

   _____

3. Docket or index number

   _____

4. Name of Judge assigned to your case

   _____

5. Approximate date of filing lawsuit

   _____

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition. _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   _____

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment? *yes*

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☒ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s)  *Plaintiff Arnold (I) myself*

   Defendant(s)  *Defendant Bracy do not the rest*

2. Court *(if federal court, name the district; if state court, name the county and State)*

   *Northern District*

3. Docket or index number  *Do not recall*

4. Name of Judge assigned to your case  *Do not Recall*

5. Approximate date of filing lawsuit

   *2015-FEB or March I Believe 2019 march or april I Believe*

6. Is the case still pending?

   ☐ Yes

   ☒ No

   If no, give the approximate date of disposition  *do not Recall*

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   *2015 case became Moot because defendants stopped doing what they doing immediately upon being served*
   *2019 my Case was dismissed because I did not State legal claims*

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**IX. Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.    For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    10.30.24

Signature of Plaintiff    Ralph Arnold Pro Se
Printed Name of Plaintiff    RAlph Arnold
Prison Identification #    398-487
Prison Address    OHIO State Penitentiary 878collsville-Hubbard
Road    Youngstown    OHIO    44505
_____City_____State_____Zip Code

**B.    For Attorneys**

Date of signing:    _____

Signature of Attorney    _____
Printed Name of Attorney    _____
Bar Number    _____
Name of Law Firm    _____
Address    _____
_____City_____State_____Zip Code

Telephone Number    _____
E-mail Address    _____

# Northen District of Ohio

Ralph Arnold                          Complaint

Plaintiff                             Civil Action No.____

V.

Kyle A. Hauswirth-(Regional Director/Designee)

Karrie Hupka-(Regional Director/Designee)

Charmaine Bracy-(Warden)

Reena Gordon- (Unit Manager Chief)

Joe Remish- (Unit Manager)

Scott Nowak-(Case Manager)

is agaisnt, indivually and in their official Capacities

Defendant(s)

## Jurisdiction and Venue

1.) This is a Civil Action authorized by 42. U.S.C Section 1983 to redress the deprivation, under Color of State law, of Rights., By Rights secured by the constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343(A)(3). Plaintiff seeks declaratory relief Pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff claims for injuntive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2.) The Court has Supplemental Jurisdiction over State Law Claims Under 28 U.S.C. Section 1367.

3.) The Northern District of Ohio Court is appropriate Venue Under 28 U.S.C. Section 1391(B)(2) because it is where the events given rise to this Claim Occured.

PAGE 1

# Northen District of Ohio

| | |
|---|---|
| Ralph Arnold | Complaint |
| Plaintiff | Civil Action No |
| V. | |

Kyle A. Hauswirth -(Regional Director/Designee)
Karrie Hupka -(Regional Director/Designee)
CHarmaine Bracy -(WARDen)
Reena Gordon - (Unit Manager CHieF)
Joe Remish - (Unit Manager)
Scott Nowak -(Case Manager)

is agaisnt, indivually and in their oFFicial Capacities

## DeFendant(s)

Plaintiff

1.) Plaintiff Ralph Arnold is and was at all times mentioned herein a prisoner of the State of Ohio in custody of State of Ohio Department of Corrections he is currently confined in OHIO STATE Penitentiary in Youngstown, OHio.

Defendant(s)

i.) Kyle A. Hauswirth - is an operation Support Center Representative and Regional Director/Designee oF the State oF OHio Department oF Corrections. He is legally responsible to ensure and enforce all O.D.R.C Policy, Guidelines, Rules, and Regulations.

2.) Karrie Hupka - is the Program Administrator and Regional Director/ Designee oF the STATE of OHio Department oF Corrections. SHe is legally responsible ~~to the~~ to ensure and enforce all O.D.R.C Policies, Guidelines, Rules, and Regulations.

PAGE 2

# Northen District of Ohio

Ralph Arnold                                         Complaint
  Plaintiff                                          Civil Action No.____
  v.

Kyle A. Hauswirth - (Regional Director/Designee)
Karrie HupKA - (Regional Director/Designee)
CHarmaine Bracy - (WARDen)
Reena Gordon - (Unit Manager CHief)
Joe Remish - (Unit Manager)
Scott Nowak - (Case Manager)
is agaisnt, indivually and in their official Capacities
                    Defendant(s)

Defendants

1.) CHarmaine Bracy - is the warden of Ohio State Penitentiary, SHE is legally responsible for the operation of Ohio STATE Penitentiary and for the welfare of all ~~one~~ inmates, SHE is legally responsible to ensure and enforce all O.D.R.C Policies, Guidelines, Rules and Regulations.

2.) Reena Gordon - is Unit Manager CHief of the Ohio STATE Penitentiary and Administratively directs Unit Management STAFF. SHE is legally Responsible to Fulfill all Unit management requirements and must ensure and eforce all O.D.R.C Policies, Guidelines, Rules, and Regulations. Who it all time mentioned in this Complaint Held the Position of Case Manager and later Unit Manager CHief.

1.) Joe Remish - is a Unit Manager of Ohio STATE Penitentiary. Job luties include direct super vision to Assigned Unit Management STAFF →

PAGE 3

# Northen District of Ohio

Ralph Arnold         Complaint
   Plaintiff           Civil Action No _____

   V.

Kyle A. Hauswirth - (Regional Director/Designee)
Karrie Hupka - (Regional Director/Designee)
CHarmaine Bracy - (WARDen)
Reena Gordon - (Unit Manager Chief)
Joe Remish - (Unit Manager)
Scott Nowak - (Case Manager)
is agaisnt, indivually and in their offical Capacities
           Defendant(s)

Defendants - (9) continued

1.) and serves as CHairperson of designated committees and is legally responsible to ensure and enforce all O.D.R.C Policies, Rules and Regulations. Who at all times mentioned in this complaint held position of Unit Manager.

0.) Scott Nowak - is a Case Manager employed at Ohio STATE Penitentiary. Job Duties include prepared Reviews on Classification and and security level Hearings and CHairs and serves on various institutional committees and is legally responsible to ensure and enforce O.D.R.C. Policies, Guidelines, Rules, and Regulations. Who at all times mentioned in this Complaint held the position of Case Manager.

1.) EACH Defendant is sued ~~divi~~ individually and ~~his~~ in his or her offical Capacity. At all times mentioned in this Complaint each Defendant Acted Under the Color of STATE LAW.

          PAGE 4

# Northen District of OHio

| | |
|---|---|
| Ralph Arnold | Complaint |
| Plaintiff | Civil Action No. _____ |
| V. | |

Kyle A. Hauswirth - (Regional Director/Designee)

Karrie HupKA - (Regional Director/Designee)

CHarmaine Bracy - (WARDen)

Reena Gordon - (UNit MaNAger CHieF)

Joe Remish - (UNit MaNAger)

Scott NoWak - (CASE MaNAger)

is agaisnt, indivually and in their oFFicial Capacities

DeFendant(s)

## FACTS

(2.) Plaintiff is not challenging the construct or validity of OHio Department of Corrections Guidelines, Policies, Rules, and Regulations. It is his belief that the O.D.R.C. Guidelines, Policies, Rules, and Regulations, are Fair, Adequate, and protect the Federal and OHio Constitutional Articles, Laws, and Rights of the 14th and 8th admendants.

3.) O.D.R.C. Guidelines, Policies, Rules, and Regulations are issued in compliance with OHio Revised Code 5120.01 which delegates to the Director of the O.D.R.C. the authority to manage and direct the total operations of the Department and to Establish such rules and regulations as the Director prescribes.

4.) The construction and terminology of O.D.R.C. Guidelines, Policies, Administrative, Rules and Regulations are not based on perception or open to one's interpretation. O.D.R.C. Policies are Black and white their is no Gray area, and based on these →

PAGE 5

# Northen District of Ohio

Ralph Arnold        Complaint
  Plaintiff        Civil Action No.
  V.

Kyle A. Hauswirth - (Regional Director/Designee)

Karrie Hupka - (Regional Director/Designee)

Charmaine Bracy - (Warden)

Reena Gordon - (Unit Manager Chief)

Joe Remish - (Unit Manager)

Scott Nowak - (Case Manager)

is agaisnt, indivually and in their official Capacities
        Defendant(s)

FACTS - Fact(14) continued

14.) Fundamental principles Plaintiff has filed this section 1983 against Defendant(s)

15.) Plaintiff is asserting that Defendant(s) Blatantly, callously, and systematically have chosen not to adhere to the O.D.R.C. Policies, Administrative Rules, and Regulations they are Legally Responsible to ensure and enforce, Defendant(s) actions have deprived Plaintiff of his Federal and Ohio Constitutional protected admendment and Article Rights of the Fourteenth admendment.

16.) Plaintiff asserts Defendant(s) actions were motivated by Evil and their intent was malicious, retaliatory, punitive and callous. Defendant(s) actions have deprived Plaintiff of his Federal and Ohio Constitutional protected admendment and Article Rights of the Eighth admendment.

PAGE 18

# Northen District of Ohio

Ralph Arnold        Complaint
   Plaintiff         Civil Action No.
  V.

Kyle A. Hauswirth -(Regional Director/Designee)
Karrie Hupka -(Regional Director/Designee)
Charmaine Bracy -(Warden)
Reena Gordon -(Unit Manager Chief)
Joe Remish -(Unit Manager)
Scott Nowak -(Case Manager)
is agaisnt, indivually and in their official Capacities
Defendant(s)

FACTS

7.) 2009, Plaintiff was incarcerated in Lucasville Penitentiary after receiving receiving a Conduct Report for a rule (1) Violation (Death of inmate) The Rules Infraction Board (R.I.B.) Found him Guilty of the Rule violation (1) and recommended a (5B) Placement.

8.) 2009, FEB. 16th Plaintiff attended the (5B) LEVEL 5 Classification Hearing tHe Classification Hearing Committee subsequently Found Plaintiff Guilty of the Rule (1) violation committed on (FEB. 9th 2009) and was referred For (5B) Level 5 Placement in accordance to Policy Level 5 Classification-53-CIS-04

9.) 2009, Aug. 12th Plaintiff was transfered from Lucasville Penitentiary and arrived at Ohio State Penitentiary as an Level (5B) Maximum security inmate (3 and 1) for the Rule (1) Violation as his Placement offense.

PAGE 7

# Northen District of Ohio

Ralph Arnold                                 Complaint
Plaintiff                                    Civil Action No.

V.

Kyle A. Hauswirth - (Regional Director/Designee)

Karrie Hupka - (Regional Director/Designee)

Charmaine Bracy - (Warden)

Reena Gordon - (Unit Manager Chief)

Joe Remish - (Unit Manager)

Scott Nowak - (Case Manager)

is agaisnt, indivually and in their official Capacities
Defendant(s)

## FACTS

10.) Defendant Joe Remish violated the fourteenth Admendment Procedural Due Process rights of Plaintiff when he began utilizing a 2014 Conduct Report as a Placement offense without Due Process of a Level 5 Classification recommendation or hearing Being held.

11.) Defendant Scott Nowak violated the fourteenth Admendment Procedural Due Process rights of Plaintiff when he began utilizing a 2014 Conduct Report as a Placement offense without Due Process of a Level 5 Classification recommendation or hearing being held

2.) Defendant Reena Gordon violated the Fourteenth admendment and Although she did not commit the Due Process violations, she became responsible for them when she failed to correct them in the course of her Supervisory responsibilities, and affirmed Plaintiff disciplinary conviction.

3.) Defendant Warden Charmaine Bracy violated the Fourteenth admendment

PAGE 8

# Northen District of OHio

Ralph Arnold                                    Complaint

Plaintiff                                       Civil Action No.

V.

Kyle A. Hauswirth -(Regional Director/Designee)

Karrie HupKA -(Regional Director/Designee)

CHarmaine Bracy -(WARDen)

Reena Gordon - (UNit MaNAger CHieF)

Joe Remish - (UNit MaNAger)

Scott NoWak - (CasE MaNAger)

is agaisnt, indivually and in their oFFicial CapaCities

DeFendant(s)

FACTS - 23 continued

13.) and Although sHe did not commit the Due Process violations, she became response-
ible for them when she Failed to correct them in the course oF her supervisory response-
ibilities and affimed Plaintiff's disciplinary conviction. (EN 'Status appeal)


14.) DeFendant Karrie HupKA violated the Fourteenth admendment and Although she did not
commit the Due Process Violations, She became responsible For them when she failed to
correct them in the course of her supecvisory responsibilities, and aFFirmed Plaintiff's
lisciplinary conviction. (ERH Review appeal)


15.) DeFendant Kyle A. Haus Wirth violated the Fourteenth admendment and Although
e did not commit the Due Process violations, He became responsible For them
uhen he Failed to correct them in the course oF his supervisory responsibil-
ties, and aFFirmed Plaintiff's disciplinary conviction. (ERH Review
appeal)

PAGE 9

# Northen District oF OHio

| | |
|---|---|
| Ralph Arnold | Complaint |
| Plaintiff | Civil Action No. _____ |
| v. | |

Kyle A. Hauswirth - (Regional Director/Designee)

Karrie Hupka - (Regional Director/Designee)

CHarmaine Bracy - (WARDen)

Reena Gordon - (UNit MaNager CHieF)

Joe Remish - (UNit MaNager)

Scott Nowak - (CASE MaNager)

is agaisnt, indivually and in their oFFicial Capacities
DeFendant(s)

## FACTS

26.) If the prison subjects you to treatment or conditions that are an atypical and significant hardship in relation to the ordinary incidents of prison life, they must provide you with same level of process.

27.) Prison oFFicials violate the Fourteenth admendment when they subject inmates to atypical signiFicant hardship..... in relation to the ordinary incidents of Prison liFe when they DO NOT OBSERVE THE SAFEGuards of Due Process Sandin V. Conner 512 U.S. 472, 115 S.CT. 2293 (1995)

28.) Prison oFFicials inFlict Atypical signiFicant hardship in relation to the ordinary acidents of Prison liFE Colin V. Howard, 215 F.3d 227, 231-32 (2d Cir. 2000) Accord, ulmer V. Richards, 364 F.3d 60, 64-5 (2 Cir) (2004) The second Circuit has recognized the existence of a liberty interest entitled to due Process when nmate is conFined in Segeration (23 and 1) more than 305 days Plaintiff has

PAGE 19

# Northen District of OHio

| | |
|---|---|
| Ralph Arnold | Complaint |
| Plaintiff | Civil Action NO. ___ |
| V. | |

Kyle A. Hauswirth - (Regional Director/Designee)

Karrie Hupka - (Regional Director/Designee)

CHarmaine Bracy - (WARDen)

Reena Gordon - (Unit MANAger CHieF)

Joe Remish - (Unit MaNAger)

Scott NoWak - (CASE MaNAger)

is agaisnt, indivually and in their official Capacities

## DeFendant(s)

Facts (28) continued

28.) been sentenced to punitive conFinement indeFintely (10 to liFE). PlaintiFF has a liberty interest in not being so confined unless he has received Due Process Colon v. Howard, SuPRA; Palmer V. Richards, SuPRA; C.F. WolFF V. McDonnel. 418 U.S. 539, 556-59, 94 S. CT. 2963 (1974).

19.) 2014, DEC. 9ᵀᴴ Plaintiff was written a Conduct Report for a Rule (7) Violation involving the stabbing oF an O.S.P. Correction oFFicer, subsequently he was found Guilty by the Rules InFraction Board For the stated Rule Violation the (R.I.B) than impose the penalties oF (15) days in (SEG), 180 days in Local Control and (90) days Rec. Restriction. ReFer to Exhibit (A) R.I.B. Disposition Document dated DEC. 16ᵀᴴ which conFirms PlaintiFF's claims.

0.) DeFendants Joe Remish is the PlaintiFF's Unit manager, DeFendant Scott NoWak is the PlaintiFF's Case manager.

# Northern District of Ohio

Ralph Arnold

Plaintiff

V.

Kyle A. Hauswirth - (Regional Director/Designee)

Karrie Hupka - (Regional Director/Designee)

CHarmaine Bracy - (WARDen)

Reena Gordon - (UNit MANAger CHieF)

Joe Remish - (UNit MANAger)

Scott Nowak - (CASE MaNAger)

is agaisnt, indivually and in their official Capacities

Defendant(s)

## FACTS

1.) Defendants Joe Remish and scott Nowak callausly, maliciously, and punitively deprived Plaintiff of his 14th Admendment Due Process Rights when they purposely began misrepresenting a conduct Report Plaintiff received on Dec. 9th as a SB/ERH Placement ofFense without the due Process of a recommendation, notice, or placement hearing which is required Procedure under the GuidElines of O.D.R.C. levels Classification Policy (53-C15-04) Defendants Blatantly disregarded O.D.R.C Policy and thus violated Plaintiff's 14th admendments Rights: Sira V. Morton 380 F. 3d 57, 72 (Holding there must be sufFicient Factual specificity to permit a reasonable person to understand what conduct is at issue so that he may present a defense) Needs V. STATES (118 Idaho 207, 795 P. 2d 912, 413 Idaho App. 1990 (Holding notice acking any description of the alleged violation denied due Process)

2.) Exhibit (B) O.D.R.C Level 5 Classification Policy (53-C15-04) (012) refer to PAGE 4 of 11 (Hi-lighted) a Supports Plaintiff's Claims.

PAGE 12

# Northen District of Ohio

Ralph Arnold           Complaint
Plaintiff           Civil Action No.

V.

Kyle A. Hauswirth-(Regional Director/Designee)
Karrie Hupka-(Regional Director/Designee)
Charmaine Bracy-(Warden)
Reena Gordon- (Unit Manager Chief)
Joe Remish- (Unit Manager)
Scott Nowak-(Case Manager)
is agaisnt, indivually and in their official Capacities
Defendant(s)

FACTS

33.) A Placement offense is the sole reason why every inmate is placed in Level 5 Classification/5B/ERH.

4.) 5B/ERH Review hearing is held annually on the date an individual received their 5B/ERH Placement offense.

5.) 5B/ERH Procedures stipulate that an individual must receive notice of the pending hearing, have opportunity to appear in front of Committee members and submit a verbal and written statement and present evidence, the committee will then make a recommendation to retain or release from 5B/ERH Placement, the person than has the Right to appeal the decision to the Managing officers/Designee, the person than has the right to appeal the managing office/Designee decision to the Regional Director.

PAGE 13

# Northen District of OHio

Ralph Arnold

Plaintiff

V.

Kyle A. Hauswirth-(Regional Director/Designee)

Karrie Hupka-(Regional Director/Designee)

Charmaine Bracy-(WARDen)

Reena Gordon-(UNit MaNager CHieF)

Joe Remish-(UNit MaNager)

Scott Nowak-(CASE MaNager)

is agaisnt, indivually and in their oFFicial Capacities

Defendant(s)

Complaint

Civil Action No. ~~————~~

## FACTS

36.) Defendants Joe Remish served as CHair Person oF Plaintiff's 5B/ERH Review hearings. Joe Remish is Scott Nowak immediate Supervisor.

37.) Defendant Scott Nowak served as CHair member oF Plaintiff 5B/ERH Hearings. 5B/ERH Review hearing Committes consist oof(3) panel committee.

8.) Defendants Joe Remish and Scott Nowak Conducted Plaintiff's 5B/ERH Review hearings, at the very least Def. Remish and Nowak have conducted the last seven(7) oF Plaintiff's Review hearings as committee members. The last such hearing was held SEPT. 25Th 2023. Def. Nowak Prepares the 5B/ERH Review hearings and thus documents what the Placement offense is, and has utilized false Placement offense aguisnt Plaintiff

PAGE 14

# Northen District of OHio

Ralph Arnold                                    Complaint
Plaintiff                                       Civil Action No. _____
V.

Kyle A. Hauswirth-(Regional Director/Designee)
Karrie Hupka-(Regional Director/Designee)
CHarmaine Bracy-(WARDen)
Reena Gordon- (UNit MaNAger CHieF)
Joe Remish- (UNit MaNAger)
Scott NoWak-(CASE MaNAger)
iS agaisnt, indivually and in their oFFicial Capacities
                    DeFendant(s)

Facts

39.) PlaintiFF attended his scheduled 5B/ERH Hearing Sept. 25, 2023 and submitted written and verbal statements to the Review committee Stating among other Issue's that the Dec. 9th Conduct report he received was not a placement oFFense because their was no Due Process.

40.) DeFendants Joe Remish and Scott NoWak were the Review Committee members at PlaintiFF's scheduled 5B/ERH Hearing Sept. 25, 2023, as stated in Facts (39.) as Stated Plaint.FF submitted written and verbal statements whe the Dec. 9th 2014 conduct Report he received was not a placement oFFense. DeFendants Joe Remish and Scott NoWak never denied PlaintiFF's alledgations yet still recommended that PlaintiFF Be retained in 5B/ERH for a "lacement oFFense" that is not and has never been a "placement oFFense". PlaintiFF subsequently given an appeal to the Managing oFFicer( Warden Appeal).

PAGE 10

# Northen District of Ohio

Ralph Arnold                                    Complaint
 Plaintiff                                       Civil Action No.
 V.

Kyle A. Hauswirth - (Regional Director/Designee)
Karrie Hupka - (Regional Director/Designee)
CHarmaine Bracy - (WARDen)
Reena Gordon - (Unit Manager CHieF)
Joe Remish - (Unit Manager)
Scott Nowak - (Case Manager)
is agaisnt, indivually and in their official Capacities
                        DeFendant(S)

11.) PlaintiFF Filed his 5B/ERH appeal on Sept. 27Th to managing officer/
DeFendant warden Charmaine Bracy, warden Bracy allowed her Designee
DeFendant Unit Manager CHieF Reena Gordon to "answear" PlaintiFF's appeal.

12.) DeFendant Reena Gordon on Sept. 28Th 2023 affirmed the recommend-
ation of the 5B/ERH Review Committee and Retained PlaintiFF in 5B/
ERH(EN) Status She than on Sept. 29Th sent PlaintiFF THE O.S.C. Regional
Director appeal.

13.) DeFendant Reena Gordon violated PlaintiFF's fourteenth admendment
rights when She Retained PlaintiFF in 5B/ERH(EN) Placement status
unilaterally without receiving or Reading his appeal., DeF.
Gordon did not receive PlaintiFF's appeal until OCT. 2nd 2023 (which
By DeF. Warden Bracy's Asst. MR. Horton. was sent)

PAGE 11.

Northern District of OHio

Ralph Arnold
Plaintiff

Complaint
Civil Action No

V.

Kyle A. Hauswirth-(Regional Director/Designee)
Karrie HupKA-(Regional Director/Designee)
CHarmaine Bracy-(WARDen)
Reena Gordon- (Unit Manager CHieF)
Joe Remish- (Unit Manager)
Scott Nowak-(Case Manager)
iS agaisnt, indivually and in their oFFicial Capacities
DeFendant(s)

14.) 2023 ODRC Level E Security Reviews policy 53-CLS-04 stipulates that an individual has (7) calendar days to File an appeal aFter their subsequent Review Hearing, PlaintiFF's Review Hearing was conducted Sept. 28th and DeFendant Reena Gordon arbitrairly on Sept. 28Th Retained PlaintiFF in 5B/ERH(EN) status without Due Process oF his appeal and thus violating O.D.R.C Policy 53-CLS-04

15.) DeFendant WARDen Bracy was notiFied By PlaintiFF via Email Kite Oct. 3Rd 2023 that her chosen Designee DeF. Gordon arbitrairly on Sept. 28Th retained 'him' in 5B/ERH(EN) status without Due Process oF his appeal being utilized. DeF. WARDen Bracy did not correct he obvious Due Process violations in the administrative Record, 'olon v. Coughlin 58 F.3d 865, 873 (2 Cir. 1995); Wright V. Smith @ 21 F.3d 496, 501 (2d Cir 1994)(both citing "Failing to act on information ndicating that unconstitutional Practices are taking Place")

PAGE 17

# Northen District of Ohio

Ralph Arnold
Plaintiff
V.

Complaint
Civil Action No. ___

Kyle A. Hauswirth - (Regional Director/Designee)
Karrie Hupka - (Regional Director/Designee)
CHarmaine Bracy - (WARDen)
Reena Gordon - (UNit MaNager CHieF)
Joe Remish - (UNit MaNager)
Scott Nowak - (CASE MaNAger)
is agaisnt, indivually and in their oFFicial Capacities
DeFendant(s)

## FACTS 4(6.)

DeFendant Kyle A Hauswirth JoB Title was Regional Director/Designee when he received Plaintiff's nine(9) written appeal Oct. 2nd 2023 Plaintiff stated in said appeal among other issues, that the (Dec. 9Th 2014) Conduct Report he received was not a Placement oFFense being that Od RC Placement hearing was never Held. DeF. Hauswirth did not address the Placement oFFense issue Plaintiff rasied in his appeal. DeF. Hauswirth ultimately aFFirmed the decision oF DEF. Gordon to retain Plt. in 5B/ERH (EN)

(7.) DeFendant Karrie Hupka JoB TiTlE was Regional Director/Designee in years 2020, 2021, and 2022, durings these years Plaintiff submitted written appeals stating among other issues that the (Dec. 9Th 2014) Conduct Report he received was not a Placement oFFense being that No Placement hearing was held. DeF. Hupka never addressed the placement oFFense issue Plaintiff rasied in his 2020, 2021, and 2022 appeals. DEF. Hupka

# Northen District of Ohio

Ralph Arnold          Civil Action No. _____

Plaintiff          Complaint

V.

Kyle A. Hauswirth - (Regional Director/Designee)

Karrie HupkA - (Regional Director/Designee)

CHarmaine Bracy - (WARDen)

Reena Gordon - (UNit MANAger CHieF)

Joe Remish - (UNit MaNAger)

Scott Nowak - (CASE MaNAger)

is agaisnt, indivually and in their official Capacities

Defendant(s)

Facts - 47.) continued

7.) Ultimately affirmed the decision of the managing officers to retain Plaintiff in 5B/ERH/(EN) status.

8.) Defendant Kyle A. Hauswirth and Karrie HupkA did not perform their Regional Director/Designee JoB Duties, as outlined in ODRC Level E Security Reviews Policy (53-CIS-10) which mandates that the Regional Director/Designee must address EVERY ISSUE an individual raises in appeal. Defendants Blatantly ignored appeal issues of Plaintiff and thus violated Plaintiff Fourteenth admend Rights and violated DRC Policy Procedures they are legally responsible to ensure and enforce. Walker V. Bates, 23 F.3d 652, 658-59 (2d Cir. 1994)

9.) Plaintiff Presents Exhibit C Level E Security Reviews Policy

PAGE 19    (2013) (53-CIS-10)

# Northen District of Ohio

Ralph Arnold        Complaint
Plaintiff        Civil Action No.

V.

Kyle A. Hauswirth - (Regional Director/Designee)
Karrie Hupka - (Regional Director/Designee)
Charmaine Bracy - (Warden)
Reena Gordon - (Unit Manager Chief)
Joe Remish - (Unit Manager)
Scott Nowak - (Case Manager)
is agaisnt, indivually and in their official Capacities
       Defendant(s)

Facts        Conclusions

50.) EACH Defendant in my Case Acted or Failed to Act in a way that led to the violation of Plaintiff Fourteenth, Fifth, and Eighth Constitutional Rights and this Causation has created a liberty interest and has created Atypical significant Hardship in Relation to ordinary incidents of Prison life. For this reason. Defendants motion to dismiss my case should be denied

FACTS

1.) Defendant Joe Remish violated the Fourteenth Admendment Procedural Due Process Right of Plaintiff when he Blatantly chose not to adhere to O.R.D.C. Policies, Guidelines, Rules, and Regulations that he's legally responsible to ensure and enforce.

2.) Defendant Scott Nowak violated the Fourteenth Admendment

# Northern District of Ohio

Ralph Arnold         Complaint
Plaintiff         Civil Action No.
V.

Kyle A. Hauswirth - (Regional Director/Designee)
Karrie Hupka - (Regional Director/Designee)
Charmaine Bracy - (Warden)
Reena Gordon - (Unit Manager Chief)
Joe Remish - (Unit Manager)
Scott Nowak - (Case Manager)
is againsnt, indivually and in their official Capacities
        Defendant(s)

FACT 52.) continued

52.) Procedural Due Process Right of Plaintiff when he Blatantly chose not to adhere to O.R.D.C. Policies, Guidelines, Rules, and Regulations that he legally responsible to ensure and enforce.

53.) Reena Gordon DEF. violated the Fourteenth Admendment Procedural Due Process Right of Plaintiff when she Blatantly chose not to Adhere to O.D.R.C. Policies, Guidelines, Rules, and Regulations that she is legally responsible to ensure and enforce.

54.) Defendant Charmaine Bracy violated the Fourteenth Admendment Procedural Due Process Rights of Plaintiff when she Blatantly chose not to Adhere to O.D.R.C Policies, Guidelines, Rules, and Regulations that she is legally responsible to ensure and enforce.

PAGE 21

# Northen District of Ohio

Ralph Arnold        Complaint

Plaintiff        Civil Action No.

V.

Kyle A. Hauswirth - (Regional Director/Designee)

Karrie Hupka - (Regional Director/Designee)

CHarmaine Bracy - (WARDen)

Reena Gordon - (UNit MANAger CHieF)

Joe Remish - (UNit MANAger)

Scott Nowak - (CASE MaNAger)

iS agaisnt, indivually and in their oFFicial Capacities

DeFendant(s)

FACTS

55.) DeFendant Karrie Hupka - violated the Fourteenth Admendment procedural Due Process Rights OF PlaintiFF when she Blatantly chose not to Adhere to O.D.R.C. Policies, Guidelines, Rules, and Regulations that she is legally responsible to ensure and enForce.

6.) DeFendant Kyle A. Hauswirth - violated the Fourteenth Admendment procedural Due Process Rights OF PlaintiFF when he Blatantly chose not to Adhere to O.D.R.C. Policies, Guidelines, Rules, Regulations that he is legally responsible to ensure and enForce.

7.) IF the prison subjects you to treatment or conditions that are an atypical and signiFicant hardship in relation to the ordinary incidents oF prison liFe; they must provide you with some level oF process. Sandin v conner 5u.s 472, 113 s.ct 2293

# Northen District of Ohio

Ralph Arnold                    Complaint
Plaintiff                       Civil Action No.

V.

Kyle A. Hauswirth - (Regional Director/Designee)
Karrie Hupka - (Regional Director/Designee)
Charmaine Bracy - (Warden)
Reena Gordon - (Unit Manager Chief)
Joe Remish - (Unit Manager)
Scott Nowak - (Case Manager)
is agaisnt, indivually and in their official Capacities
DeFendant(s)

FACTS

58.) Prison officials violate the Fourteenth admendment when they Subject inmates to Atypical significant hardship..... in relation to ordinary incidents of prison life when they Do Not Observe The SafeGuards of Due Process Sandin V. Conner 512 U.S. 472 115 S.CT 2293 (1995)

9.) Prison officials inflict Atypical significant hardship in relation to the ordinary incidents of Prison life, Wilkinson V. Austin, 545 U.S 209, 223, 125 S.Ct. 2384 (2005) (stating that the "supermax conditions before it were atypical and significant" under any plausible baseline") Wagner V. Hanks, 128 F.3d 1173, 1174-75 (7th Cir. 1997) (Holding that segregated confinement is atypical and significant only if it is substantially more restrictive than any non-punitive confinement in the State's Prison System.)

Page 33

# Northen District oF OHio

Ralph Arnold

Plaintiff

Complaint

Civil Action No. _____

V.

Kyle A. Hauswirth - (Regional Director/Designee)

Karrie HupKA - (Regional Director/Designee)

CHarmaine Bracy - (WARDen)

Reena Gordon - (UNit MaNAGER CHieF)

Joe Remish - (UNit MaNAGER)

Scott NoWAK - (CASE MaNAGER)

is agaisnt, indivually and in their oFFicial Capacities

FACTS            DeFendant(s)

60.) O.D.R.C Policies, administrative Rules, and Regulations are periodically revised the Guidelines change minimumly and some time drastically, year to year or every other year in particular the O.D.R.C. Policies (53-C15-04) and (53-C15-10) which PlaintiFF will reference throughout the Facts portion Fall under the aForementioned category.

61.) O.D.R.C. Policies, Rules, and Regulations are revised but are retroactive in Relation to an individual Placement status when the Policies, Rules and Regulations were in eFFect in that given year.

62.) 2017, FEB. 5th the term Level 5 was revised and would be called Extended Restrictive Housing (ERH) and thus the Level 5 ClassiFication Policy (53-C15-04), was henceForth labeled Extended Restrictive Housing Policy (53-C15-04), and PlaintiFF's Placement status became SRJ/ERH. During the revision of these Policies ⟶

PAGE #11

# Northen District of OHio

Ralph Arnold                                          Complaint
Plaintiff                                             Civil Action No _____
V.

Kyle A. Hauswirth-(Regional Director/Designee)
Karrie HupKA -(Regional Director/Designee)
-Harmaine Bracy-(WARDen)
Reena Gordon- (UNit MaNAger CHieF)
Joe Remish- (UNit MaNAger)
Scott NoWak-(CASE MaNAger)
is agaisnt, indivually and in their oFFicial Capacities
DeFendant(S)

FACTS (62.) continued

62.) the former policy term Level 5 ClassiFication Placement Hearing was Excluded and replaced by the term Serious Misconduct Panel (S.M.P.) Hearing as reFerenced in (E.R.H.) Policy (53-C/S-04).

63.) 2017, PlaintiFF was a ERH1 Level inmate, Level ERH1, WAS previously Level 4B, on Aug. 16th 2017 Plaintiff was written a Conduct Report For an alledged "weapon" that was Found in his cell. Subsequently (R.I.B) Found him guilty oF a Rule (36) violation (weapon) and a Rule (51) violation (contraband), R.I.B than recommended PlaintiFF be referred to the Serious Misconduct Panel (S.M.P), For a Placement Hearing.

64.) Plaintiff went to the aforementioned S.M.P Placement Hearing and was Found Guilty of the rule 36 and 51 violations

# Northen District of Ohio

Ralph Arnold                                          Complaint
Plaintiff                                         Civil Action No.

v.

Kyle A. Hauswirth - (Regional Director / Designee)
Carrie Hupka - (Regional Director / Designee)
- Harmaine Bracy - (Warden)
Reena Gordon - (Unit Manager Chief)
Joe Remish - (Unit Manager)
Scott Nowak - (Case Manager)
is agaisnt, indivually and in their official Capacities
Defendant(s)

FACTS (64) continued

64.) by the S.M.P. committee, and Plaintiff's ERH 2 (4B) status
was upgraded to ERH 3 (5B) Security Placement status and his
Previous (5B) 2004 Placement offense as referred to in facts (17,
18, 19,) was terminated with all credit time served and Plaintiff
would began ERH3 Placement offense - on Sept. 1Rst 2017.

65.) Refer to Exhibit D - Bureau of Classification Decision
which support aforementioned facts 63 and 64 and this document
Further stipulates Plaintiff will remain ineligible for presumptive
reduction due to Guilty Finding in "Prior" case of Rule 2 (2004 5B).

66.) O.D.R.C Level E Placement policy (53-CLS-04) to paraphrase
stipulates that if an individual is already in ERH when a new
Placement is recommended by the S.M.P. Committee →

Northern District of Ohio

| | |
|---|---|
| Ralph Arnold | Complaint |
| Plaintiff | Civil Action No. |
| V. | |

Kyle A. Hauswirth - (Regional Director/Designee)
Carrie Hupka - (Regional Director/Designee)
- Harmaine Bracy - (Warden)
Reena Gordon - (Unit Manager Chief)
Joe Remish - (Unit Manager)
Scott Nowak - (Case Manager)
is agaisnt, indivually and in their official Capacities
Defendant(s)

FACTS(66.) continued

66.) Prior SB/ERH Placements shall be closed/Terimamated and thus shall not run consecutive or be stacked with new ERH Placement

67.) Refer to Exhibit(E) Summary of the Reason(s) for Placement ERH/EN Review - prepared by Def. Scott Nowak, this document stipulates Plaintiff has three (3) placement offenses which does not meet the criteria standards of Aformentioned (Refer Fact 66) Policy (53-cls-04) and contradictory to Exhibit(D)

68.) Defendants - Joe Remish and Scott Nowak violated Plaintiff Fourteenth Admendments when they puntively utilized Placement offenses that had no standing and did not fit policy criteria.

PAGE 37

Northen District of Ohio

Ralph Arnold        Complaint
Plaintiff        Civil Action No.

V.

Kyle A. Hauswirth - (Regional Director/Designee)
Carrie Hupka - (Regional Director/Designee)
- Harmaine Bracy - (Warden)
Reena Gordon - (Unit Manager Chief)
Joe Remish - (Unit Manager)
Scott Nowak - (Case Manager)
is agaisnt, indivually and in their official capacities
Defendant(s)

FACTS

69.) Plaintiff attended his scheduled ERH Hearing Sept. 25, 2023 and submitted verbal and written statements to the Review Committee stating among other Issues that Placement offenses cannot run consecutive or be stacked under Guidelines of Policy 53-cls-04), and Plaintiff made it clear the (5'B)(2009) Placement was closed during the Sept. 1ʳˢᵗ 2017 S.M.P. Hearing. And the Dec. 9ᵗʰ 2014 Conduct Report could not possibly be used as a Placement offense without Due Process of A Placement Hearing.

70.) Defendants Joe Remish and Scott Nowak conducted Plaintiff's annual ERH Review Hearing, Sept. 25, 2023, as stated in Fact (69) Plaintiff submitted written and verbal statements which outlined Placement offenses cannot run consecutive or be stacked under Level E Placement Policy (53-cls-04) Procedures

## Northern District of Ohio

Ralph Arnold                                    Complaint
   Plaintiff                                    Civil Action No.

V.

Kyle A. Hauswirth - (Regional Director/Designee)
Carrie Hupka - (Regional Director/Designee)
- Harmaine Bracy - (Warden)
Reena Gordon - (Unit Manager Chief)
Joe Remish - (Unit Manager)
Scott Nowak - (Case Manager)
is agaisnt, indivually and in their official Capacities
                  Defendant(s)

FACTS - (70.) continued

70.) Defendants Joe Remish and Scott have Failed to provide Plaintiff a meaningful explaination of why he has stacked Placement offenses Defendants Remish and Nowak have never once denied Plaintiff allegations go agaisnt Level E Placement Policy Procedures (5.8-cis-04) Defendants Remish and Nowak continued to recommend that Plaintiff be retained in ERH For Placement offenses they know do not have standing. Plaintiff has submitted this Arguement to Defendants during at the very least the last Four (4) of his ERH Review Hearings.

71.) Defendant Reena Gordon on Sept. 28th 2023 affirmed the recommendation of the ERH Committee (Def. Remish Nowak) and retained Plaintiff ERH (EN) Status, Defendant than sent Plaintiff The O.S.C. Regional Director Appeal.

Northen District of OHio

Ralph Arnold
    Plaintiff
    V.

Kyle A. Hauswirth - (Regional Director/Designee)
Carrie HupKA - (Regional Director/Designee)
- Harmaine Bracy - (WARDen)
Reena Gordon - (UNit MaNAGER ChieF)
Joe Remish - (UNit MaNAGER)
Scott Nowak - (CASE MaNAGER)
is agaisnt, indivually and in their official Capacities
    DeFendant(s)

Complaint
Civil Action No.

FACTS

12.) DeFendant Reena Gordon violated Plaintiff's Procedural Due Process, Fourteenth admendment Rights when she Retained Plaintiff in ERH/EN Placement Status ARbitrarily When DeFendant Blatantly disregarded Plaintiff's Filed Appeal and made a decision to Retain Plaintiff in ERH/EN Status without First receiving his appeal which violates 2023 Level E security Reviews policy (53-41S-10) (ReFer Fact 44)

13.) DeFendant warden C Harmaine Bracy - was notiFied By Plaintiff via E-mail Kite OCT 3Rd 2023 that her chosen Designee DeFendant Reena Gordon arbitrairly on Sept 28 retained Plaintiff in ERH/EN Status without Due Process oF His appeal being utilized. DeF. Bracy did not correct the obvious Due Process violations in the administrative Record. Colin V. Coughlin 58 F.3d 865, 873 (acir 1995)

# Northen District of Ohio

Ralph Arnold                                    Complaint
   Plaintiff                              Civil Action NO.

V.

Kyle A. Hauswirth - (Regional Director/Designee)
Carrie Hupka - (Regional Director/Designee)
- Harmaine Bracy - (WARDen)
Reena Gordon - (Unit Manager Chief)
Joe Remish - (Unit Manager)
Scott Nowak - (Case Manager)
is agaisnt, indivually and in their official Capacities
                DeFendant(s)

FACTS - (73.) continued

13.) Wright V. Smith 21 F 3d 496, 501 (2d cir 1994) (Both citing "Failing to act on information indicating that unconstitutional Practices are taking Place")

14.) DeFendant Kyle A. Hauswirth Job title was Regional Director/ Designee when he received Plaintiff nine (9) page written Appeal Oct. 2nd 2023, Plaintiff stated in said appeal among other issues, that Placement oFFenses were being "stacked" agaisnt him that had no standing, Plaintiff presented evidence in the Form oF Exhibit (2) - Bureau oF Classification Decision - DeFendant Hauswirth in 2017 was Beau oF Classification Representaive and thus made the Decision on Document Exhibit (D) and thus knows Placement oFFeases cannot be stucked. DeFendant did not address issue rasied in Plaintiff Appeal he chose to ignored the obvious Due Process

# Northen District of Ohio

Ralph Arnold        Complaint

Plaintiff        Civil Action No. _____

V.

Kyle A. Hauswirth - (Regional Director/Designee)

Carrie Hupka - (Regional Director/Designee)

- Harmaine Bracy - (Warden)

Reena Gordon - (Unit Manager Chief)

Joe Remish - (Unit Manager)

Scott Nowak - (Case Manager)

is agaisnt, indivually and in their official capacities

FACTS (74.) continued     Defendant(s)

74) violations and ultimately affirmed the decision of Def. Gordon and callously, maliciously, and punitively retained Plaintiff in ERH/EN.

75.) Defendant Karrie Hupka Job Title was Regional Director/ Designee in years 2020, 2021, 2022 and during these years Plaintiff submitted written appeals stating among other issues that Placement offenses were being "stucked" agaisnt 'Him', Plaintiff provided documentary Evidence with his written appeals to support his allegations, Defendant Hupka ignored ovbious procedural violations and callously, maliciously, and punitively retained Plaintiff in years 2020, 2021, 2022.

76.) Defendants Kyle A. Hauswirth and Karrie Hupka violated Plaintiff's Due Process Rights when they did not ensure an enforce o.D.R.C. Policies, Rules, and Regulations, which they are legally Responsible to do.

# Northen District of Ohio

Ralph Arnold                                              Complaint
  Plaintiff                                              Civil Action NO.

v.

Kyle A. Hauswirth -(Regional Director/Designee)
Carrie Hupka -(Regional Director/Designee)
-Harmaine Bracy -(Warden)
Reena Gordon - (Unit Manager Chief)
Joe Remish - (Unit Manager)
Scott Nowak -(Case Manager)
is agaisnt, indivually and in their official Capacities
                    Defendant(s)

## Conclusion

27.) EACH Defendant in my Case Acted or failed to Act in a way that led to the violation of Plaintiff Fourteenth, Fifth and Eighth Constitutional Rights and this causation has created a liberty interest and has created Atypical signifi- cant Hardship in Relation to ordinary incidents of Prison life. For this reason Defendants motion to dismiss my Case should be denied.

## FACTS

18.) Defendant Joe Remish violated the Fourteenth Admendment Procedural Due Process Rights of Plaintiff when he Blatantly Chose not to adhere to O.D.R.C Policies, Guidelines, Rules and Regulations that he is legally responsible to ensure and enforce.

# Northen District of Ohio

| | |
|---|---|
| Ralph Arnold | Complaint |
| Plaintiff | Civil Action No. |
| V. | |

Kyle A. Hauswirth - (Regional Director/Designee)

Carrie Hupka - (Regional Director/Designee)

- Harmaine Bracy - (Warden)

Reena Gordon - (Unit Manager Chief)

Joe Remish - (Unit Manager)

Scott Nowak - (Case Manager)

is agaisnt, indivually and in their official Capacities

FACTS                    Defendant(s)

29.) Defendant Scott Nowak-violated the Fourteenth Admendment Procedural Due Process Right of Plaintiff when he Blatantly chose not to Adhere to O.D.R.C. Policies, Guidelines, Rules, and Regulations that he is legally responsible to ensure and enForce.

30.) Defendant Reena Gordon-violated the Fourteenth Admendment Procedural Due Process Rights of Plaintiff when she Blatantly chose not to Adhere to O.D.R.C. Policies, Guidelines, Rules, and Regulations that she legally responsible to ensure and enFore

31.) Defendant CHarmaine Bracy- violated the Fourteenth Admendment Procedural Due Process Rights of Plaintiff when she Blantantly chose not to Adhere to O.D.R.C. Policies, Guidlines, Rules and Regulations that she is legally responsible to ensure and enForce

# Northen District of OHio

Ralph Arnold                                    Complaint
  PlaintiFF                                    Civil Action NO.

V.

Kyle A. Hauswirth - (Regional Director/Designee)
Carrie HupKA - (Regional Director/Designee)
- Harmaine Bracy - (WARDen)
Reena Gordon - (UNit MANAger CHieF)
Joe Remish - (UNit MANAger)
Scott NoWak - (CASE MaNAger)
is agaisnt, indivually and in their oFFicial Capacities
FACTS                    DeFendant(s)

82.) DEFendant Karrie HupKA - Violated the Fourteenth Admendment
Procedural Due Rights of PlaintiFF when Blatantly chose not to
Adhere to O.D.R.C, Policies, GuidElines, Rules, and Regulations that
She is legally responsible to ensure and enForce.

33.) DEFendant Kyle A. Hauswirth - violated the Fourteen Admendment
Procedural Due Process Rights of PlaintiFF when he Blatantly chose
not to Adhere to O.D.R.C. Policies, Guidelines, Rules, Regulations that
He is legally responsible to ensure and enForce.

84.) IF the prison subjects you to treatment or conditions
that are an atypical and SigniFicant hardship in relation to the
ordinary incidents of prison liFe, they must provide you with
Some level of process. SandinV. Conner 512 U.S 472,115 S. CT 2293
(1995)

# Northern District of Ohio

Ralph Arnold              Complaint

   Plaintiff              Civil Action No.

V.

Kyle A. Hauswirth - (Regional Director/Designee)

Carrie Hupka - (Regional Director/Designee)

- Harmaine Bracy - (Warden)

Reena Gordon - (Unit Manager Chief)

Joe Remish - (Unit Manager)

Scott Nowak - (Case Manager)

is agaisnt, indivually and in their official Capacities

FACTS            Defendant(s)

85.) Prison officials violate the Fourteenth Admendment when they subject inmates to Atypical significant hardship....... in relation to the ordinary incidents of Prison life, When they do Not observe the Safe Guards of Due Process Sandin V. Cunner u.s 478 115 S. CT 2293 (1995)

86.) Prison officials inflict Atypical significant hardship in relation to the ordinary incidents of Prison life, Wilkinson V. Austin, 545 u.s 209, 223, 125 S. Ct. 2384 (2005) (stating that the "super max Conditions before it were atypical and significant" under any plausible baseline") Wagner V. Hanks, 128 F. 3d 1173, 1174-75 (7th Cir. 1997) (Holding that Segregated confinement is atypical and significant only if it is substantially more restrictive than any non-punitive confinement in the state's Prison System) King V. Zamira, 785 F. 3d 207, 213 (6 cir. 2015)

# Northen District of Ohio

RalphArnold                                    Complaint
   PlaintiFF                                   CivilAction No.___

   V.

Kyle A. Hauswirth -(Regional Director/Designee)
Carrie Hupka -(Regional Director/Designee)
-Harmaine Bracy-(Warden)
Reena Gordon- (Unit Manager Chief)
Joe Remish- (Unit Manager)
Scott Nowak-(Case Manager)
is agaisnt, indivually and in their official Capacities
FACTS                     Defendant(S)

37.) PlaintiFF has held the distinction oF SB/ERH prisoner since
FEB. 16Th 2009 (14 plus years and counting) he has spent the
duration oF the Fourteen plus years at Ohio State Penitentiury.

38.) 2009, AUG. 12Th PlaintiFF arrived at the Ohio State Penitentiary
as a SB MAximum security inmate, on Aug. 24Th PlaintiFF received
his (30) Day Review/Orientation Process, at this review PlaintiFF
was advised By the unit StaFF member/unit Manager oF the
time that he was designated to do Between, more than (3) years
or up to 10 years, he than Received a copy oF A level 5 Thirty
Day Review Orientation CHecklist Form stating this Fact.

39.) 2023, Nov. 27Th PlaintiFF Requested a copy oF the (30) Day Review/
orientation CHecklist Form (ReFer Fact 38) From his Case manager
Defendant Scott Nowak, on Dec. 1RST Nowak responds via →

## Northen District of OHio

Ralph Arnold                                    Complaint
Plaintiff                                       Civil Action No.
V.

Kyle A. Hauswirth -(Regional Director/Designee)
Carrie Hupka -(Regional Director/Designee)
-Harmaine Bracy-(WARDen)
Reena Gordon- (Unit Manager Chief)
Joe Remish- (Unit Manager)
Scott Nowak-(Case Manager)
is agaisnt, indivually and in their official Capacities
FACTS·89) continued          Defendant(s)

89.) Digital Kite (Public Record) that he cannot "Find" this Document, that plaintiFF has requested which is odd because it's Public Record and a part of PlaintiFF MASTER File being that ODRC Policy of the time 53-CLS-04 mandates that this 30 day Review orientation Process be conducted. It is convenient" Defendant Nowak cannot "Find" this Document when he has Knowledge PlaintiFF is Filing a lawsuit Agaisnt him and DeFendants.

10.) BASED on ODRC, Policies, Rules, and Regulaions which stipulates that an individual may not be held in SB/ERH more than(10) ten consecutive years without the Unit Manager/Designee obtaining written approvable From the Deputy Director of Prisons.

1.) 2020, MARCH 11th THE Managing OFFicer obtained approv- able From the Deputy Director of Prisons to Retain →

Northen District of OHio

Ralph Arnold                                    Complaint
    PlaintiFF                              Civil Action No.____
V.
Kyle A. Hauswirth -(Regional Director/Designee)
Carrie HupKA -(Regional Director/Designee)
-Harmaine Bracy-(WARDen)
Reena Gordon- (UNit MaNAger CHieF)
Joe Remish- (UNit MaNAger)
Scott NoWAK-(CASE MaNAger)
iS agaisnt, indivually and in their oFFicial Capacities
FACTS 96.)continued        DeFendant(s)

11.) PlaintiFF in 5B/ERH more than(10)years. PlaintiFF's arguement is
that on March.11Th, 2020 when the managing oFFicer obtained
"approvable", PlaintiFF was in year(11) oF ERH, thus the "approvable"
was without Due Process, and cruel unusual Punishment.


12.) 5B/ERH Longterm is a Classification designation meaning more
than 10years/IndeFinite length, some inmates received this status From
the begining oF their 5B/ERH tenure. And thus the managing oFFicer
does not need written Approvable From the Deputy Director to keep
these inmates more than 10years in 5B/ERH.


13.) PlaintiFF is arguing he was never designated 5B/ERH Long-
term status, as stated in Facts(88) he was given more than (3)
years and up to 10years designated Placement Status. And thus to keep
PlaintiFF more than 10years in 5B/ERH Longterm Placement status,→

# Northen District of Ohio

Ralph Arnold                                    Complaint
   Plaintiff                                  Civil Action No.

V.

Kyle A. Hauswirth - (Regional Director/Designee)
Carrie Hupka - (Regional Director/Designee)
-Harmaine Bracy - (WARDen)
Reena Gordon - (Unit Manager Chief)
Joe Remish - (Unit Manager)
Scott Nowak - (Case Manager)
is agaisnt, indivually and in their official Capacities
FACTS -(94.)continued      Defendant(s)

14) the managing Officer had to obtain written approvable from the
Deputy Director of Prisons before Plaintiff Exceeded 10 years in SB/ERH.
If written approvable was not obtained by the managing Officer by
FEB.16Th, 2019 Plaintiff's '10Th year' in SB/ERH Policy Stipulates he
should have been Released altogether From SB/ERH.

15.) Plaintiff is arguing that on March 11Th 2020, Plaintiff's 11Th year
in SB/ERH the managing officer obtained written Approvable From the
Deputy Director of Prisons to keep him more than "10 years" in SB/ERH
thus Violating Policy. Plaintiff argues he has Been held nearly (5.) years
in SB/ERH illegally and unlawfully.

16.) 2023, Level E Placement Policy(53-CIS-04) stipulates that a person
may not be held in ERH For more than 24 months without the managing officer
obtaining written Approvable From Deputy Director of Prisons, Plaintiff →

# Northen District of Ohio

Ralph Arnold        Complaint

Plaintiff        Civil Action No.

V.

Kyle A. Hauswirth -(Regional Director/Designee)

Carrie HupKA -(Regional Director/Designee)

-Harmaine Bracy-(WARDen)

Reena Gordon - (Unit Manager Chief)

Joe Remish- (Unit Manager)

Scott Nowak-(Case Manager)

is agaisnt, indivually and in their official Capacities

FACTS-(96) continued      Defendant(s)

96.) is argues that their has always been a policy standard Guidelines on how long a person can be held in 5B/ERH before written approvable is needed in the past it was 10 years as policies were revised in year 2022, 23 it changed to 24 months.


97.) Defendants Joe Remish and Scott Nowak violated Plaintiff Fourteenth And Eighth Admendment Rights rights, on Sept 25, 2023 Remish and Nowak conducted Plaintiff's aannual Level ERH Review Hearing. Plaintiff submitted written and verbal statements outlining that his longterm/Enlindifinite placement status designation was improper because Policy Procedures 53-CLS-04, and 53-CLS-10 were not Followed. Defendants Remish and Nowak never once denied Plaintiff's allegations verbally or in any other manner, but none the less retained Plaintiff in longterm ERH / EN Placement status. Plaintiff has submitted this Argument to Defendants his last (4) ERH Review Hearings.

Northern District of Ohio

Ralph Arnold                                    Complaint
  Plaintiff                                  Civil Action No.
V.
Kyle A. Hauswirth - (Regional Director/Designee)
Carrie Hupka - (Regional Director/Designee)
- Harmaine Bracy - (Warden)
Reena Gordon - (Unit Manager Chief)
Joe Remish - (Unit Manager)
Scott Nowak - (Case Manager)
is agaisnt, indivually and in their official Capacities
 FACTS                    Defendant(S)

98.) Defendant Reena Gordon violated Plaintiff's Procedural Due Progess
Fourteenth admendment Rights when she retained Plaintiff in ERH/EN
Longterm Placement status Arbitrarily, Defendant di's regarded Plaint-
iffs Filed appeal, Gordon had not even received Plaintiff Appeal
before she made a decision to retain Plaintiff in EN/ERH/Longterm
status Sept. 28ᵀᴴ, 2023, thus violating Policy (53-C1S-10) (ee Ferfact 44)

79.) Defendant Warden Charmaine Bracy - was notified By Plaintiff
via e-mail Kite Oct 3ᴿᵈ 2023 that her chosen Designee Defendant
Reena Gordon arbitrairly on Sept 28ᵀᴴ retained Plaintiff in ERH/EN
status without Due Process of His appeal being utilized. Warden
Bracy did not correct this obvious Procedural Due Process Violations in
the Administrative Record. Colin V. Coughlin 58 F. 3d 865, 873
(2cir. 1995) Wright V. Smith 21 F. 3d 496, 501 (2cir 1994) (Both citing "Failing
act on information indicating that unconstitutional Practices are taking Place")

# Northen District of Ohio

Ralph Arnold                                          Complaint
   Plaintiff                                          Civil Action No.

V.

Kyle A. Hauswirth - (Regional Director/Designee)
Carrie Hupka - (Regional Director/Designee)
- Harmaine Bracy - (Warden)
Reena Gordon - (Unit Manager Chief)
Joe Remish - (Unit Manager)
Scott Nowak - (Case Manager)
is agaisnt, indivually and in their official Capacities
FACTS                    Defendant(s)

100.) Defendant Kyle A. Hauswirth Job title was Regional Director Designce when he received Plaintiff nine (9) page written Appeal on Oct. 2nd 2023, Plaintiff stated in said appeal among other issues, that FEB. 16th 2019, was his tenth year in SB/ERH, and that when the managing officer obtained approvable to retain Plaintiff in longterm/ERH/EN on March. 11th 2020, Plaintiff was in his 11th year thus he was unlawfully being held without Due Process in ERH/EN/longterm Placement status, Defendant Hauswirth ignored Plaintiff concerns by not addressing them and Puntively Retained Plaintiff in EN status.

101.) Defendant Karrie Hupka Job title was Regional Director/Designee in years 2020, 2021, and 2022 and during these years Plaintiff submitted written appeals stating among other issues that FEB 16th 2019, was his 10th year in SB/ERH and that when the managing officer obtained written approvable to retain him on 3.11.20, Plaintiff was in his 11th year ➙

# Northen District of Ohio

Ralph Arnold                                    Complaint
  Plaintiff                                   Civil Action No.
V.

Kyle A. Hauswirth - (Regional Director/Designee)
Carrie Hupka - (Regional Director/Designee)
- Harmaine Bracy - (Warden)
Reena Gordon - (Unit Manager Chief)
Joe Remish - (Unit Manager)
Scott Nowak - (Case Manager)
is againsnt, indivually and in their official Capacities
FACTS-(101.) continued        Defendant(s)

101) year in SB/ERH, thus he was unlawfully being held without Due Process in SB/ERH/EN/Longterm placement status, Defendant Hupka ignored Plaintiff's concerns by not addressing them and Puntively Retained Plaintiff in his current Placement Status.


102.) Defendant Hauswirth and Hupka violated Plaintiff's Due Process Rights when they did not ensure and enforce Policies, which they are legally Responsible to do.

## Conclusion

03.) EACH Defendant in my Case Acted or Failed to Act in a way that led to the violation of Plaintiff's 14th, 8th, and 5th Admendant Constitutional Rights and this causation has created a liberty interest and has created Atypical Signi'ficant Hardship in Relation to ordinary incidents of Prison life. For this reason Defendants motion to dismiss my Case Should be denied.

# Northen District of Ohio

Ralph Arnold                                    Complaint
    Plaintiff                              Civil Action No.
V.

Kyle A. Hauswirth - (Regional Director/Designee)
Carrie Hupka - (Regional Director/Designee)
- Harmaine Bracy - (Warden)
Reena Gordon - (Unit Manager Chief)
Joe Remish - (Unit Manager)
Scott Nowak - (Case Manager)
is agaisnt, indivually and in their official Capacities

FACTS - (104.)            Defendant(s)

Defendants Scott Nowak, Joe Remish, Reena Gordon, Charmaine Bracy, Karrie Hupka and Kyle A. Hauswirth violated the Eighth and Fourteenth Admendment Rights of Plaintiff when they callously, maliciously, puntively, and with Evil Intent chose not to Adhere to O.D.R.C. Policies, Guidelines, Rules, and Regulations that ~~they is legally~~ they are legally responsible to ensure and enforce.


'05.) Once Prison officials deprive an inmate of his constitutional Pro-
:cedural Rights at a disciplinary hearing and the prisoner commences to serve a punitive sentence imposed at the conclusion of the hearing, the prison officials responsible for the Due Process deprivation must respond in damages, absent the successful interposition of a qualified immunity defense. Walker v. Bates, 23 F.3d 652, 658-59 (2d Cir. 1994)

106) Prison officials violate the Eighth and Fourteenth Admendment

Northen District of Ohio

| | |
|---|---|
| Ralph Arnold | Complaint |
| Plaintiff | Civil Action No. |
| v. | |

Kyle A. Hauswirth - (Regional Director/Designee)
Carrie Hupka - (Regional Director/Designee)
- Harmaine Bracy - (Warden)
Reena Gordon - (Unit Manager Chief)
Joe Remish - (Unit Manager)
Scott Nowak - (Case Manager)
is agaisnt, indivually and in their official Capacities

FACTS-(106.) continued          Defendant(s)

106.) when they deprive an inmate of his constitutional Procedural Rights at a disciplinary hearing and the prisoner commences to serve a punitive sentence imposed at the conclusion of the hearing, the prison official responsible for the Due process deprivation must respond in damages, absent the successful interposition of a qualified immunity defense, Walker V. Bates, 23 F.3d 652, 658-59 (2d Cir. 1994)


107.) Prison officials deprive an inmate of his constitutional Procedural Rights at a disciplinary hearing when the prisoner commences to serve a punitive Sentence imposed at the conclusion of the Hearing. Morissette V. Peters, 45 F.3d 1119 (7 Cir. 1995), Wycoff V. Nichols (Holding administrative appeal process was "part of the due process) James V. Aidala, 389 F. Supp. 2d 451, 453 (W.D.N.Y. 2005) C Havis V. Rowe 643 F.2d 1281, 1287-88 (7 Cir. 1981) Walker V. Bates, 23 F.3d 652, 658-59 (2 Cir. 1994).

# Northen District of Ohio

| Ralph Arnold | Complaint |
|---|---|
| Plaintiff | Civil Action No. |

V.

Kyle A. Hauswirth -(Regional Director/Designee)

Carrie HupKA -(Regional Director/Designee)

-Harmaine Bracy -(WARDen)

Reena Gordon - (Unit Manager Chief)

Joe Remish - (Unit Manager)

Scott Nowak - (Case Manager)

is agaisnt, indivually and in their official Capacities

FACTS                    Defendant(s)

08.) Plaintiff was designated a ERH (EN) indefinite length status inmate on March 11th, 2020 based on the Level E Security Reviews Policy (53-CLS-10), that went into effect on FEB. 3Rd, 2020. Plaintiff Argues that He was not afforded The Due Process the aforementioned Policy Stipulated in its Guidelines thus the (EN) status Plaintiff received was invaild. Plaintiff Further argues that he did not Fit the Guideline criteria of the aforementioned Policy to begin with, thus the (EN) status Plaintiff received was under False Pretense and invalid.

09.) THE Level E Security Reviews Policy (53-CLS-10) as stated went into effect on FEB. 3Rd, 2020 to para phrase and summarize this policy stipulated, at the time this policy takes effect all ERH inmates considered ineligible For presumptive Release shall receive a ERH Review Hearing within (30) calendar days and shall be provided a presumptive Release date within→

# Northen District of Ohio

Ralph Arnold                                    Complaint
   Plaintiff                                 Civil Action No.
V.

Kyle A. Hauswirth - (Regional Director/Designee)
Carrie Hupka - (Regional Director/Designee)
- Harmaine Bracy - (Warden)
Reena Gordon - (Unit Manager Chief)
Joe Remish - (Unit Manager)
Scott Nowak - (Case Manager)
is agaisnt, indivually and in their official Capacities

FACTS - 109) continued        Defendant(s)

109.) the Next (10) years, or may be Kept in (EN) indefinite length Placement Status, what-
ever the case may be the ERH Review Hearing Committee will make a recommendation
to the Managing officer (Warden) \ Designee (unit Manager Chief), thus Every ERH
inmate who was recommend a presumptive release date within the Next (10) years
the managing officer or Designee shall Approve or disapprove the ERH Review
Committees recommendation., For individuals in ERH whom the ERH Review com-
mittee recommended that more than (10) years may be required, the managing
officer (warden) will make the final determination, the managing officer may
not delegate this decision to any Party \ Designee, the Managing officer than
must first obtain the approvable of the Regional Director via written comm-
unication, if Approved the individual receives a more than (10) years (EN)
indefinite length Placement status, The individual may Appeal the decision
to the Deputy Director of Prisons.

# Northen District of OHio

Ralph Arnold                                        Complaint
  PlaintiFF                                        Civil Action No.

  V.

Kyle A. Hauswirth - (Regional Director/Designee)
Carrie HupkA - (Regional Director/Designee)
- Harmaine Bracy - (WARDen)
Reena Gordon - (UNit MaNAger ChieF)
Joe Remish - (UNit MaNAger)
Scott NowAk - (CASE MaNAger)
is agaisnt, indivually and in their oFFicial Capacities
FACTS                    DeFendant(S)

10.) Exhibit (F) 2020 Level E Security Reviews Policy (53-CIS-10) reFer to pages 4, 5, and 6 oF 10 (Hi-lighted) which supports Facts (10.) (Portion oF Policy verbatim), and deFine (ERH REVIEW PROcedures).

11.) PlaintiFF is arguing that he was arbitrarily given a more than (10) year (EN) indeFinite length placement status without Procedural Due Process oF a ERH Review Hearing which requires notice oF said Hearing and the opportunity aFForded to appear in front oF (3) committee members and and submitt verbal and written statements. PlaintiFF recieved neither., THus the more than (10) year (EN) indeFinite length placement status PlaintiFF received was without due Process and invalid. Exhibit (F) supports his position

d.) Plaintiff is arguing that he never ~~the criteria~~ Fit the criteria Guidelines to receive a more than (10) year (EN) indeFinite length placement status to begin with. The Policy Jargon ~~(terms)~~ →

# Northen District oF OHio

Ralph Arnold

Plaintiff

V.

Kyle A. Hauswirth - (Regional Director/Designee)

Karrie HupKA - (Regional Director/Designee)

CHarmaine Bracy - (WARDen)

Reena Gordon - (UNit MANAger CHieF)

Joe Remish - (UNit MANAger)

Scott NoWaK - (CASE MaNAger)

iS agaisnt, indivually and in their oFFicial Capacities

Complaint

Civil Action NO.

DeFendant(s)

Facts - 112) continued

112.) Exhibit (F) Level E security Reviews (53-CIS-10) stipulates the managing oFFicer must obtain written approval from the Regional Director beFore an individual can be held more than (10) years in (EN) indeFinite length placement status. PlaintiFF was already in 11th year oF ERH placement status, in March 2020 when the Managing oFFicer obtained written approval FRom the Regional Director to retain him "more than (10) years"; written approval to retain PlaintiFF "more than (10) years" should Have come beFore FEB. 16' 2019 PlaintiFF 10 year in ERH/SB Placement thus plaintiFF has callously, maliciously, Puntively and unlawFully reen held more than (10) years in (EN) placement status, ReFer to Facts 91,92,93,94,95

113.) UPon inFormation and belieF NO individual who received more than (10) years (EN) indeFinite length status had 10 years or more in ERH when the managing oFFicer obtained written app-rovable from the Regional Director, (only the PlaintiFF)

PAGE 50

# Northen District oF OHio

Ralph Arnold
PlaintiFF           Complaint

V.        Civil Action No.

Kyle A. Hauswirth -(Regional Director/Designee)
Karrie HupKA -(Regional Director/Designee)
CHarmaine Bracy-(WARDen)
Reena Gordon- (UNit MaNAger CHieF)
Joe Remish- (UNit MaNAger)
Scott NoWAK-(CASE MaNAger)
is agaisnt, indivually and in their oFFicial Capacities
FACTS       DeFendant(S)

14) PlaintiFF argues that the more than (10) years (EN) indefinite length placement ~~statement~~ status he received was procedurally defective, the policy Exhibit (F) Level E Security Reviews stipulated that within thirty (30) calendar days that this policy takes eFFect FEB. 3rd, 2020) every ERH individual shall be provided a presumptive eleasedate, or a more than ten (10) years (EN) status., PlaintiFF did not receive notice oF his (EN) status untill March 11,$^{Th}$ 2020, well aFter he (30) day policy deadline., March 11, 2020 DeFendant Joe Remish provided PlaintiFF with notice oF his (EN) status and a appeal ForM For the Deputy Director oF Prisons.

15.) Exhibit (6) The notice oF (EN) status documentation, PlaintiFF eceived on 3-11-20, ReFer to AForementioned FACT 114.)

# Northen District of Ohio

Ralph Arnold
Plaintiff

Complaint
Civil Action No.

V.

Kyle A. Hauswirth - (Regional Director/Designee)
Carrie Hupka - (Regional Director/Designee)
- Harmaine Bracy - (Warden)
Reena Gordon - (Unit Manager Chief)
Joe Remish - (Unit Manager)
Scott Nowak - (Case Manager)
'S agaisnt, indivually and in their official Capacities

FACTS          Defendant(s)

116.) Managing officer, Former Ohio STATE Penitentiary Warden Richard Bowen who obtained written approvable From the Regional Director to place Plaintiff in (EN) More than (10) year indefinite length status, without Due Process on March 3, 2020 would Be a named Defendant in Plaintiff Section 1983, but For the Fact Richard Bowen is no longer employed By the O.D.R.C. in any capacity.

17.) As stated previously in Fact (114.) Plaintiff received a appeal on March 11th 2020 to file with the Deputy Director of Prisons. Plaintiff filed stated Appeal Form to the Deputy Director of Prisons. Outlining the exact issues aforementioned in the previous Facts (112-116); a month or so later the Plaintiff received documents stating the Deputy Director never "received" Plaintiff's appeal and approved his (EN) status. Plaintiff than wrote the Director a handwritten →

PAGE 52.

# Northen District of Ohio

Ralph Arnold
Plaintiff

Complaint
Civil Action NO.

V.

Kyle A. Hauswirth - (Regional Director/Designee)
Carrie Hupka - (Regional Director/Designee)
-Harmaine Bracy - (WARDen)
Reena Gordon - (UNit MaNAger ChieF)
Joe Remish - (UNit MaNAger)
Scott NoWak - (Case MaNAger)
S againsnt, indivually and in their oFFicial Capacities
FActs-117) continued    DeFendant(s)

117.) letter explaining that he did in fact send an appeal, and explained his issues with the (EN) status he received, the Deputy Director of Prisons never responded to Plaintiff hand written letter.

18.) DeFendants Joe Remish and Scott Nowak violated Plaintiff's 14TH and 8TH Admendment Rights when on 9.25.23 Remish and NowaK conducted Plaintiff's annual Level ERH Review Hearing and Plaintiff submitted verbal and written statements outlining that his more than ten (10) years (EN) status place-ment was without Due Process because Policy Procedures (Refer to Facts) 06-116) were not Followed. Plaintiff submitted evidence to Remish and Nowak verbally and with written statements that he never received a ERH Review Hearing in FEB. oF 2020 and thus his more than ten (10) (EN) status was with-ut Due Process. DeFendants Remish and Nowak have never once denied Plaintiff's allegations verbally or in any other manner, yet have continued to retain Plaint-iFF in (EN) status under False Pretense. Plaintiff has submitted this Argue-ent to DeFendants his last (3) Hearings.

PAGE 53

# Northen District of Ohio

Ralph Arnold                                    Complaint
Plaintiff                                       Civil Action No.
v.

Kyle A. Hauswirth - (Regional Director/Designee)
Carrie Hupka - (Regional Director/Designee)
- Harmaine Bracy - (Warden)
Reena Gordon - (Unit Manager Chief)
Joe Remish - (Unit Manager)
Scott Nowak - (Case Manager)
'S agaisnt, indivually and in their official Capacities
FACTS                   Defendant(s)

19.) Defendant Reena Gordon violated Plaintiff's Procedural Due Process 14th admendment Rights when she retained Plaintiff in more than ten (10)(EN) status Arbitrarily., Gordon disregarded Plaintiff's Filed Appeal in regards to his ERH Review Hearing held on (9.25.28), Defendant unilaterally without stated Appeal retained Plaintiff in (EN) status on (9.28.23) thus violating Policy (53-CLS-10). (Refer Fact 44)

20.) Defendant warden Bracy - was notified By Plaintiff via email Kite public Record) on 10.3.23 that her chosen Designee Defendant Reena Gordon arbitrarily on 9.28.23 retained Plaintiff in (EN) status without Due Process of his appeal being utilized. Warden Bracy did not correct his obvious Procedural Due Process Violations in the Administrative Record. Colin V. Coughlin 58 F. 3d 865, 873 (2Cir. 1995) Wright V. Smith 21. F 3d 496, 501 (2Cir 1994) (Both citing "Failing to Act on information indicating that unconstitutional practices are taking place")

PAGE 54

Northen District of Ohio

Ralph Arnold                                    Complaint
     Plaintiff                              Civil Action No.
V.

Kyle A. Hauswirth-(Regional Director/Designee)
Carrie Hupka -(Regional Director/Designee)
Harmaine Bracy-(Warden)
Reena Gordon-(Unit Manager Chief)
Joe Remish-(Unit Manager)
Scott Nowak-(Case Manager)
's agaisnt, indivually and in their official Capacities
FACTS           Defendant(s)

121.) Defendant Kyle A. Huaswirth Job title was Regional Director/
Designee on 10.2.23 when he received, plaitiff's nine (9) page written
Appeal along with the sixteen pages of documentary Evidence.
Plaintiff stated in said appeal among other issues that the more than
10) year (EN) status he received on (3-11-20) was without due process
of a ERH Review Hearing that Policy (2020) 53-CIS-10 afforded him.
Plaintiff went on to Address every Procedural Due Process Violation
regarding his more than (10) year (EN) status (Refer to Facts (108-117)
Defendant responded to Plaintiff's appeal by stating the obvious
that Plaintiff was already a(EN) inmate reviewed and retained by the
policy update in 2020, as if Plaintiff did not know this. thus never answer-
ing if the more than (10) year (EN) status Plaintiff received violated Due
Process.

122.) Exhibit (H) Defendant Huaswirth appeal Response aforementioned
    in FACT (121.)
                          PAGE 55

# Northen District oF OHio

RalphArnold                                    Complaint
PlaintiFF                                       CivilActionNo.

V.

Kyle A. Hauswirth-(Regional Director/Designee)
Carrie HupKA -(Regional Director/Designee)
Harmaine Bracy-(WARDen)
Reena Gordon- (UNit MaNAger CHieF)
Joe Remish- (UNit MaNAger)
Scott NoWAK- (CASE MaNAger)
S agaisnt, indivually and in their oFFicial Capacities
FACTS          DeFendant(s)

23.) DeFendant Karrie HupKA Job title was Regional Director/Designee in years 2020, 2021, and 2022 and during these years PlaintiFF submitted written appeals to the DeFendant stating among other issues, that the more than ten(10) year(EN) Placement he received on(3-11-20) was without Due Process oF a ERH Review Hearing that Policy (2026) 53-C15-10 aFForded him., PlaintiFF addressed every Procedural Due Process violation regarding (EN) Placement status (ReFer to facts-108-117)., HupKA never addressed PlaintiFF submitted Appeals regarding the vaildity oF his (EN) status, HupKA ignored them during the appeal responses to PlaintiFF in (2020,2021,2022).

24.) DeFendant Kyle A. Hauswirth and DeFendant Karrie HupKA violated Plaintiff's Procedural Due Process 14Th admendment Rights when they did not ensure and enForce Rules, Regulations, and Policies which DeFendants are legally Responsible to do, and have violated Plaintiff's 8Th admendment rights because oF their Failure to act.

PAGE 56

# Northen District of Ohio

Ralph Arnold
Plaintiff
V.

Complaint
Civil Action No.

Kyle A. Hauswirth -(Regional Director/Designee)
Carrie Hupka -(Regional Director/Designee)
-Harmaine Bracy-(WARDen)
Reena Gordon- (Unit Manager Chief)
Joe Remish- (Unit Manager)
Scott Nowak-(Case Manager)
is agaisnt, indivually and in their official Capacities
## DeFendant(s)
## Conclusion

(25.) EAch Defendant in my Case callauslly, maliciously, and punitively Acted or Failed to Act in a way that led to the violation of Plaintiff's 14th, 8th, and 5th Admendant constitutional Rights and this causation has created Atypical significant Hardship in Releation to ordinary incidents of Prison life. For this reason Defendants motion to Dismiss Plaintiff's Case should be Denied.

## FACTS

(26.) Defendant Joe Remish violated the Fourteen[Th] admendment Procedural Due Process Rights of Plaintiff when he Blatantly chose not to adhere to Level E Security Reviews Policy (53-els-10) on 9.25.23, when he Retained Plaintiff in (EN) status as Chairman of Plaintiff's ERH Review Hearing Committee.

PAGE 57

# Northern District of Ohio

Ralph Arnold                                    Complaint
Plaintiff                                       Civil Action No.
V.

Kyle A. Hauswirth - (Regional Director/Designee)
Carrie Hupka - (Regional Director/Designee)
-Charmaine Bracy - (Warden)
Reena Gordon - (Unit Manager Chief)
Joe Remish - (Unit Manager)
Scott Nowak - (Case Manager)
is agaisnt, indivually and in their official Capacities
FACTS             Defendant(s)

27.) Defendant Scott Nowak violated the fourteenth Admendment Procedural Due Process Rights of Plaintiff when he Blantantly chose not to adhere to the Level E Security Reviews Policy (53-Cls-10) Guidelines on 9.25.23, when Plaintiff was Retained in (EN) status.

28.) Defendant Reena Gordon violated the fourteenth Admendment Procedural Due Process Rights of Plaintiff when she Blatantly chose not to adhere to the Level E Security Reviews Policy (53-Cls-10) Guidelines and arbitraily Retained Plaintiff in (EN) status on (9.28.23) disregarding Plaintiff's filed Appeal.

29.) Defendant Charmaine Bracy violated Plaintiff's Procedural Due Process 14th Admendment Rights when Plaintiff notified Bracy via email Kite 0 10.3.23 he her chosen Designee Defendant Gordon arbitrairly retained Plaintiff in (EN) status without Due Process of his appeal being utilized. Deft. Bracy did not correct this obvious Procedural Due Process violations in the →

PAGE 58

# Northen District of Ohio

Ralph Arnold
Plaintiff

Complaint
Civil Action No.

V.

Kyle A. Hauswirth - (Regional Director/Designee)
Carrie Hupka - (Regional Director/Designee)
-Harmaine Bracy - (Warden)
Reena Gordon - (Unit Manager Chief)
Joe Remish - (Unit Manager)
Scott Nowak - (Case Manager)
'S against, indivually and in their official Capacities
FActs-129) continued →    Defendant(s)

129) Administrative Record. Colin V. Coughlin 58 F.3d 865, 823 (2 Cir, 1995)
Wright V. Smith 26 F.3d 496, 501 (2 Cir 1994) (Both citing "Failing to act on
information indicating that unconstitutional practices are taking place.")

130.) Defendant capt Kyle A. Hauswirth violated Plaintiff Procedural Due Process
Fourteenth Admendment Rights when he as Regional Director/Designee
Failed to address every concern Plaintiff raised in appeal his appeal
and By doing so Defendant Failed to adhere to Policy (5 3-CIS-10) Level
Security Reviews which he is legally responsible to ensure and enforced.

31.) Once prison officials deprive an inmate of his constitutional
Procedural Rights at a disciplinary hearing and the prisoner comm-
ences to serve a puntive sentence imposed at the conclusion of the
hearing, the prison official responsible for the Due Process dep-
rivation must respond in damages, absent the successful ———→

PAGE 59

# Northen District of OHio

Ralph Arnold

Plaintiff

v.

Complaint

Civil Action No.

Kyle A. Hauswirth -(Regional Director/Designee)

Carrie HupKA -(Regional Director/Designee)

-Harmaine Bracy -(WARDen)

Reena Gordon- (UNit MaNAger CHieF)

Joe Remish- (UNit MaNAger)

Scott NoWak- (CASE MaNAger)

S againsnt, indivually and in their oFFicial Capacities

FACTS -131)-continued DeFendant(s)

131) interposition of a qualified immunity defense. Walker V. Bates, 23 F.3d 652, 658-39 (2d Cir. 1994).

132) prison officials violate the Eighth and Fourteenth Admendment when they deprive an inmate of his constitutional Procedural Rights at a disciplinary bearing and the prisoner commences to serve a punitive sentence imposed at the conclusion of the hearing the prison official responsible for the Due Process deprivation must respond in damages, absent the successful interposition of a qualified immunity defense. Morissette v. Peters, 45 F.3d 1119 (7cir 1995) Wycoff v. Nichols (Holding administrative appeal process was "part of Due Process) James V. Aidola, 389 F. Supp 2d 451, 453 (W.D.N.Y. 2005) chavis V. Rowe 643 F.2d 1281, 1287-88 (7cir. 1981) Walker V. Bates, 23 F.3d 652, 658-59 (2cir. 1994)

PAGE 60

# Northen District of Ohio

Ralph Arnold                                    Complaint
Plaintiff                                       Civil Action No.
V.

Kyle A. Hauswirth-(Regional Director/Designee)
Carrie Hupka-(Regional Director/Designee)
-Harmaine Bracy-(Warden)
Reena Gordon- (Unit Manager Chief)
Joe Remish- (Unit Manager)
Scott Nowak- (Case Manager)
'S agaisnt, indivually and in their official Capacities
FACTS          Defendant(s)

133.) Defendant Joe Remish and Scott Nowak violated Plaintiff's 14Th
and 8Th admendment Rights on 9.25.23 when as "committee
Members" they did not adhere to the ERH Review Procedures for
Incarcerated Persons Ineligible For Presumptive Release (EN) Guidelines
Set Forth within Level E Security Policy. (SS-C15-10)

34.) On 9.25.23, Plaintiff received his annual ERH Review Hearing which
was conducted By "ERH Review "Committee Members" Defendants Joe
Remish and Scott Nowak, and C/O R.O. Johnson. Plaintiff sumbitted
written and verbal statements to the "committee members"
+ stated ERH Review hearing. The three (3) "committee members" than
left the Hearing Room, to deliberate upon exiting the Room the three (3)
members split up and left in separate directions, Remish and
Nowak went off together as a pair leaving D-Block Floor altogeth-
her C/O R.O. Johnson the thrid "committee member"———→

PAGE 61

# Northern District of Ohio

Ralph Arnold        Complaint
Plaintiff        Civil Action No.
V.

Kyle A. Hauswirth -(Regional Director/Designee)
Carrie Hupka -(Regional Director/Designee)
-Harmaine Bracy- (Warden)
Reena Gordon- (Unit Manager Chief)
Joe Remish- (Unit Manager)
Scott Nowak- (Case Manager)
's agaisnt, indivually and in their official Capacities
FACTS-134.) continued   Defendant(s)

134.) stayed on the Floor of D-Block and went into the C/o's station/
oFFice. About thirty (30) minuets later Defendants Joe Remish
and Scott Nowak, returned to the ERH Review Hearing Room and
presented Plaintiff with documents stating the "ERH Review committee"
made the "recommendation" to retain Plaintiff in (EN) status. About
one (1) minuet later after Plaintiff received stated documents, the
thrid committee member "C/o Rd. Johnson returned to the ERH Review
Hearing Room.

135.) As referenced in Fact (133.) Defendants Joe Remish and Scott Nowak
violated Plaintiff Fourteenth and Eigth admendment Rights on 9.25.23,
as ERH Review committee members, Remish and Nowak did not
adhere to the ERH Review Procedures when they made a recommend-
ation arbitrarily and unilaterally together to Retain Plaintiff
in (EN) status, without the the thrid committee member——→

PAGE 62

# Northen District of Ohio

Ralph Arnold                                    Complaint
Plaintiff                                        Civil Action No.
V.

Kyle A. Hauswirth - (Regional Director/Designee)
Carrie Hupka - (Regional Director/Designee)
Charmaine Bracy - (Warden)
Reena Gordon - (Unit Manager Chief)
Joe Remish - (Unit Manager)
Scott Nowak - (Case Manager)
'S agaisnt, indivually and in their official Capacities
FACTS-135.) continued    Defendant(s)

135.) C/o Ro. Johnson. The ERH Review Committee Procedures Guidelines set forth within Level E Sucurity Policy, (53-Cls-10) stipulate that the three (3) committee members must ~~any~~ make a recommendation together as one uniform unit. As stated in Fact (134.) ~~as~~ Plaintiff submitted verbal and written Statements to the Committee members, they the members left in opposite the Hearing, directions, thus C/o Ro. ~~Dhos~~ Johnson Never was a part of the deliberation process, C/o Johnson was never in the Same Room or Floor when Defendants Remish and Nowak recommended Plaintiff (EN) status Refer to Exhibit (C) 2023 Level E Security Reviews policy (53-Cls-10)

36.) Plaintiff upon returning to his Cell AFTER THE ERH Review Heaing on 9.25.23, immediately sent a digital E-Mail to Defendant Reena Gordon the supervisor of Defendants Remish and Nowak. Plaintiff Explained in Email the events that occured at his ERH Review Hearing (Refer Fact 134) and asked her to Check The Camera and confirm my claims.

PAGE 63

# Northern District of Ohio

Ralph Arnold        Complaint
Plaintiff        Civil Action No.

V.

Kyle A. Hauswirth - (Regional Director/Designee)
Carrie Hupka - (Regional Director/Designee)
Harmaine Bracy - (Warden)
Reena Gordon - (Unit Manager Chief)
Joe Remish - (Unit Manager)
Scott Nowak - (Case Manager)

is agaisnt, indivually and in their official Capacities

FACTS        Defendant(s)

137.) Exhibit (I) digital E-Mail sent to Defendant Gordon Refer Fact (136.)

138.) Defendant Reena Gordon violated Plaintiff's Procedural Due Process 14th admendment Rights when she retained Plaintiff in (EN) status Arbitrarily, Gordon disregarded Plaintiff's Filed Appeal in Regards to his ERH Review Hearing held on (9.25.28) Defendant unilaterally without stated Appeal retained Plaintiff in (EN) status on (9.28.23) Upon information belief Defendant Gordon disregarded Plaintiff's filed appeal because he made her aware of the defective ERH Review he received on 9.25.23 Refer to fact (137.) Exhibit (I) where Plaintiff described in detail the detail the defective ERH Review hearing he received on 9.25.23 to Gordon and Defendant Responded "file it in the Appeal" But yet Defendant did not wait to receive said appeal she told Plaintiff to file an an arbitrarily Retained Plaintiff in (EN) status, to 'Cover up' the defective ERH Review Hearing Plaintiff received.

PAGE 64

# Northen District of Ohio

Ralph Arnold                                    Complaint
Plaintiff                                       Civil Action No.
V.

Kyle A. Hauswirth - (Regional Director/Designee)
Carrie Hupka - (Regional Director/Designee)
- Harmaine Bracy - (WARDen)
Reena Gordon - (Unit Manager Chief)
Joe Remish - (Unit Manager)
Scott Nowak - (Case Manager)
s againsnt, indivually and in their official Capacities
FACTS                    DeFendant(s)

139.) 9.25.23 as stated Plaintiff attended his ERH Review Hearing, a
after the ERH Review Committee rendered their decision, Plaintiff was
provided an appeal titled Warden's Appeal (MANAGing officer) Plaintiff
sent said Appeal to Defendant Warden Bracy on 9.27.23. As stated Defendant
Gordon Arbitrarily Retained Plaintiff in (ERH) status disregarding his Appeal
on 9.28.23, on 9.29.23 Defendant Gordon provided Plaintiff with an O.S.C.
Regional Director/Designee Appeal, on 10.2.23 Plaintiff Filed said Appeal
to the Regional Director/Designee.

40.) On 10.2.23 the exact day Plaintiff Filed his Regional Director
Appeal, he sent a Digital E-mail Kite to Defendant Warden
Bracy asking what was the status of the Warden's Appeal he
sent to her on 9.27.23, Bracy's Asst. replied that the Appeal in
question would be sent to Defendant Reena Gordon that very
day 10.2.23 and she would "ANSWER" Plaintiff's appeal.

PAGE 105

# Northen District of Ohio

Ralph Arnold                                    Complaint
Plaintiff                              Civil Action No.
V.

Kyle A. Hauswirth - (Regional Director/Designee)
Carrie Hupka - (Regional Director/Designee)
-Harmaine Bracy - (Warden)
Reena Gordon - (Unit Manager Chief)
Joe Remish - (Unit Manager)
Scott Nowak - (Case Manager)
'S agaisnt, indivually and in their official Capacities
FACTS              Defendant(s)

141.) Defendant Gordon on 10.3.23 "answeared" Plaintiff's Filed Appeal (Refer Fact 139. and 140.) which was under FAlse Pretences being that she already arbitrarily Retaind Plaintiff in (EN) status on 9.28.23., Once Plaintiff Filed his Regional Director appeal to Defendant Hauswirth on 10.2.23, the appeal process was over regarding O.S.P officials.

42.) Defendant warden Bracy - violated Plaintiff's 14th and 8th Admendment Rights when she was notified by Plaintiff via email Kite on 10.3.23 that her chosen Designee Defendant Gordon arbitrarily on 9.28.23 retained Plaintiff in (EN) status without Due Process of his appeal being utilized. warden Bracy did not correct this obvious Proedural Due Process Violation in the Administrative Record. Colin V. coughlin 58 F. 3d 865, 873 (2cir. 1995) wright V. Smith 21. F 3d 496, 501 (2cir 1994) (Both citing Failing to Act on information indicating that unconstitutional Practices are taking Place")

PAGE 66

# Northen District of Ohio

Ralph Arnold          Complaint
Plaintiff          Civil Action No.

V.

Kyle A. Hauswirth - (Regional Director/Designee)
Carrie HupKA - (Regional Director/Designee)
Charmaine Bracy - (WARDen)
Reena Gordon - (Unit Manager Chief)
Joe Remish - (Unit Manager)
Scott Nowak - (Case Manager)
'S agaisnt, indivually and in their official Capacities
FACTS          DeFendant(S)

143.) DeFendant Kyle A. Hauswirth violated Plaintiff's Procedural Due Process fourteenth Admendment Rights when he as Regional Director/Designee failed to address every concern Plaintiff raised in his Appeal, and By doing so DeFendant Hauswirth failed to adhere ERH Review Committee (EN) Procedures Guidelines set forth within Level E Security Reviews Policy (53-Cls-10) Refer to Exhibit (C). Plaintiff addressed the issues of his stacked Placements oFFenses, and that his Placement were without Due Process, he Brought up the issue that he was being held more than years without Due process, these issues too and more were addressed in Plaintiff's appeal to (Regional Director/Designee) DeFendant Hauswirth Refer to Exhibit (H) DeFendants Appeal Justification Appeal Response

44) Exhibit (J) Plaintiff 2023 nine (9) written Appeal sent to the Regional Director/Designee - DeFendant Hauswirth. (✱ Also of Note stated Appeal says Ms. HupKA being that she WAS Regional Director/Designee prior to 2023.

PAGE 67

# Northen District of Ohio

Ralph Arnold            Complaint
Plaintiff            Civil Action

V.

Kyle A. Hauswirth-(Regional Director/Designee)
Carrie Hupka-(Regional Director/Designee)
CHarmaine Bracy-(WARDen)
Reena Gordon-(Unit Manager CHieF)
Joe Remish-(Unit MANAger)
Scott Nowak-(CASe MANAger)

is agaisnt, indivually and in their oFFicial Capacities

FACTS        DeFendant(s)

145.) Defendant Hauswirth violated Plaintiff's 14th and 8th admendment Rights when he as Regional Director/Designee failed to correct an obvious Procedural Due Process Violation in the Administrative Record: Plaintiff addressed Regional Director/Designee Defendant Hauswirth through his Appeal that the Managing officer/Designee Defendant Gordon arbitrarily retained Plaintiff in (EN)Status on 9.28.23 ~~without~~ without looking over the appeal that ~~was~~ Plaintiff filed. Defendant Hauswirth did not correct the obvious Breach of Procedural Due Process Defendant Gordon perpetrated regarding ~~the~~ ERH Review Procedures For Incarcerated Persons ineligible for Presumptive Release (EN) set Forth within Level E security ~~Policy~~ Reviews Policy 53-Cls-10 Refer (Exhibit C): Hauswirth as stated did not correct the issue at hand, But attempted to "Gas light" Plaintiff during his appeal Justification: Refer (Exhibit H) where Hauswirth states the warden Review is a separate process Review, which is a callous Lie By Hauswirth the Procedure in which he speaks is For presumptive Release inmates. ~~Refer~~ Refer Exhibit (C)      PAGE 68

# Northen District of Ohio

RalphArnold                                    Complaint
  Plaintiff                                   Civil Action No.
  V.

Kyle A. Hauswirth -(Regional Director/Designee)
Carrie HupKA -(Regional Director/Designee)
-Harmaine Bracy-(WARDen)
Reena Gordon- (UNit MaNAger ChieF)
Joe Remish- (UNit MaNAger)
Scott NowaK-(CASE MaNAger)
'Sagaisnt, indivually and in their oFFicial Capacities
  FACTS                    DeFendant(s)

## Conclusion

146.) Defendants Nowak, Remish, Gordon, Bracy, ~~Hauswirth~~ and Hauswirth
callaus/ly, malicious/ly, punitively, and with evil intent Acted in a way
that led to the violation of Plaintiff's Fourteenth, Eighth and fifth
Admendant constitutional Rights and this causation has created Aytpical
Significant Hardship in Relaction to ordinary incidents of Prison life.)
and is cruel, unusual, Punishment. For these reasons Defendants
motion to Dismiss Plaintiff's case should Be Denied.

## LEGAL Claims

47.) Plaintiff Ralph Arnold has cited throughout the facts and Conclusion
Portion of his Section 1983, Legal Claims agaisnt Defendant(s) and
their Culpability of depriving and violating Plaintiff's constitutionally
protected Fourteenth, Eigthth, and fifth admendment Rights.

PAGE 69

# Northern District of Ohio

Ralph Arnold
Plaintiff

Complaint
Civil Action No.

V.

Kyle A. Hauswirth - (Regional Director/Designee)
Carrie Hupka - (Regional Director/Designee)
- Harmaine Bracy - (Warden)
Reena Gordon - (Unit Manager Chief)
Joe Remish - (Unit Manager)
Scott Nowak - (Case Manager)
's agaisnt, indivually and in their official capacities
Defendant(s)

## Legal Claims

**ERH Committee member**

48.) Defendant Nowak callously, maliciously, puntively, Blatantly, and with evil intent chose not to Adhere to Policies, Rules, Regulations, and Guidelines that he is legally responsible to ensure and enforce, Defendant disregard of Policy Procedure has caused Plaintiff to be Falsely imprisoned in (EN) status Placement For more than five (5) years. Defendant Nowak actions violated and continues to violate Plaintiff Arnold rights under the fourteenth, Eighth, and fifth Admendments to the the United States Constitution and is causing Plaintiff Arnold, pain, suffering, mental distress, and Emotional distress. Young V. Martin, 801 F. 3d 172 n. 8 (3rd Cir. 2015) Siggers-El v. Barlow, 433 F. Supp. 2d 811 (E.D. Mich 2006), at all times Defendant acted under color of law.

**ERH Review Committee member**

49.) Defendant Remish callously, maliciously, puntively Blatantly and with evil intent chose not to Adhere to Policies, Rules, Regulations and Guidelines that he legally responsible to ensure and enforce.

PAGE 70

# Northen District of Ohio

Ralph Arnold
Plaintiff

Complaint

Civil Action No.

V.

Kyle A. Hauswirth - (Regional Director/Designee)
Carrie Hupka - (Regional Director/Designee)
- Harmaine Bracy - (Warden)
Reena Gordon - (Unit Manager Chief)
Joe Remish - (Unit Manager)
Scott Nowak - (Case Manager)
is agaisnt, indivually and in their official Capacities
Defendant(s)

## Legal Claims

100) 149)

149) continued → Defendant Remish Deliberate Indifference to Policy Procedure has caused plaintiff Arnold to be falsely imprisoned in (EN) more than (5) years. Defendant Remish actions violated and continues to violate Plaintiff Arnold Rights under the 14th, 8th and 5th Admendments to the U.S. Constitution and is causing Plaintiff Arnold pain, suffering, mental distress and Emotional distress. Young V. Martin, 801 801 F.3d 172 n.8 (3rd cir 2015) Siggers-El V. Barlow, 433 F. Supp. 2d 811 (E.D. Mich 2006) At All times Defendant Acted under Color of Law.

150) 150.) Defendant Reena Gordon, acting as Managing officer/Designee Recklessly, maliciously, puntively, and with Deliberate Indiffernce arbitrarily retained Plaintiff Arnold in (EN) status on 9.28.23 without Due Process. Defendant Gordon actions violated and continues to violate Plaintiff Arnold rights under the 14th, 8th, and 5th Admendments to the U.S. Constitution and is causing Plaintiff Arnold, pain, suffering, mental distress, and →

PAGE 71

# Northen District of Ohio

Ralph Arnold                          Complaint
Plaintiff                             Civil Action No.
V.

Kyle A. Hauswirth - (Regional Director/Designee)
Carrie Hupka - (Regional Director/Designee)
- Harmaine Bracy - (WARDen)
Reena Gordon - (Unit Manager Chief)
Joe Remish - (Unit Manager)
Scott Nowak - (Case Manager)
's agaisnt, indivually and in their official Capacities
DeFendant(s)

## LEGAL Claims

150.) continued - and Emotional distress. Ayers V. Ryan, 152 F.3d 77 (2d Cir 1998)
Taylor V. Rodriguez, 238 F.3d 188 (2cir. 2001)., and Hatch V. District of Columbia,
184 F.3d 846 (D.C cir 1999)

151.) ~~Charmaine~~ DeFendant Charmaine Bracy (WARDen) Failed to correct an
obvious Procedural Due Process Violation in the Administrative Record, Plaintiff
Arnold notified DeFendant Bracy on 10.3.23 that her chosen Designee DeFendant
Gordon arbitracily on 9.28.23 retained Plaintiff Arnold in (EN) status without
Due Process oF his appeal being utilized. DeFendant Bracy, recklessly, callously,
maliciously, punitively, and with Deliberate Indifference ~~through~~ Disregarded
Plaintiff's concerns and continued to Allow Arnold to be retained in (EN) status.
DeFendant Bracy actions Violated and continues to Violate Plaintiff Arnold
rights under the 14th, 8th, and 5th Admendants to the U.S. constitution and
is causing Plaintiff Arnold, pain, suffering, mental distress, and ⟶

PAGE 72

# Northen District of Ohio

Ralph Arnold

Plaintiff

V.

Kyle A. Hauswirth - (Regional Director/Designee)

(arrie HupKA - (Regional Director/Designee)

- Harmaine Bracy - (WARDen)

Reena Gordon - (UNit MANAger CHieF)

Joe Remish - (UNit MANAger)

Scott Nowak - (CASE MaNAger)

'S agaisnt, indivually and in their oFFicial Capacities

Complaint

Civil Action No.

## DeFendant(s)

## LEGAl Claims

151.) continued and Emotional distress. Colin V. Coughlin 58 F. 3d 865, 873 (2cir 1995)
Wright V. Smith 21 F 3d 496, 501 (2cir 1994) (Both citing "failing to Act on information
indicating that unconstitutional Practices taking Place") Defendant at all
times acted under Color of law.

152.) Defendant Karrie HupKA acting a Regional Director/Designee between
years 2020-2023, failEd to correct obvious Procedural Due Process
violations in the Administrative Record in Regards to Plaintiff's Filed Appeals
and in doing so Defendant HupKA failed to Adhere to O.D.R.C. Policy (53-C(s-10)
She is legally responsible to ensure and enForce: Defendandant HuPKA
actions violated and continues to violate Plaintiff Arnold rights under the
14th, 8th, and 5th Admendants to the U.S. Constitution and is causing Plaintiff
Arnold, pain, suffering, mental distress, and Emotional distress. Ayers V.
Ryan, 152 F. 3d 77 (2cir 1998) Colin V. Coughlin 58 F. 3d 865, 823 (2cir 1495) Wright
V. Smith 21. F 3d 496, 501 (2cir 1994). Defendant act under Color oF
lAW, at all times. PAGE 73

# Northen District of Ohio

Ralph Arnold
    Plaintiff

            Complaint
            Civil Action No.

V.

Kyle A. Hauswirth-(Regional Director/Designee)
Carrie HupKA-(Regional Director/Designee)
-Harmaine Bracy-(WARDen)
Reena Gordon-(Unit Manager Chief)
Joe Remish-(Unit Manager)
Scott Nowak-(Case Manager)
'S agaisnt, indivually and in their official Capacities
            DeFendant(s)

## LEGAl Claims

153.) Defendant Kyle Hauswirth acting Regional Director/Designee between
2023.), failed to correct obvious Procedural Due Process violantions in
the Administrative Record, in regards to Plaintiff's (EN) status and
subsequent filed Appeal on (10.2.23) and in doing so Defendant Hauswirth failed
to Adhere to O.D.R.C. Policy (53-CIS-10) which he is legally responsible to
ensure and enforce.; Defendants actions violated and continue to
violate Plaintiff Arnold rights under the 14th, 8th, and 5th Admendments
to the U.S. constitution and is causing Plaintiff Arnold, pain, suffering, mental
distress, and Emotional distress. Ayers v. Ryan, 152 F. 3d 77 (2 cir 1998)
Coughlin 58 F. 3d 865, 873 (2 cir. 1995) wright v. Smith 21. F 3d 496, 501 (2 cir 1994)
Defendant at all times acted under under the color of law.

154.)
All DeFendant(s) Aforementioned Acted under the color of law
at all times.

# Northen District of OHio

Ralph Arnold
Plaintiff

Complaint
Civil Action No.

V.

Kyle A. Hauswirth - (Regional Director/Designee)
Carrie HupKA - (Regional Director/Designee)
- Harmaine Bracy - (WARDen)
Reena Gordon - (UNit MaNAger CHieF)
Joe Remish - (UNit MaNAger)
Scott NoWAK - (CASE MaNAger)
'S against, indivually and in their oFFicial Capacities
DeFendant(s)

## LEGAL Claims

155.) Plaintiff Arnold has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff Arnold has been and will continue to be irreparably injured by the conduct of the DeFendant(s) unless this court grants the declaratory and injunctive relief which Plaintiff Arnold seeks.

## PRAYER For Relief

WHEREFORE, Plaintiff ARNOld respectfully PRAY that this Court enter Judgement: and Grant the following Relief.

156.) Granting Plaintiff Arnold a declaration that the acts and omissions described herein violate his rights Under the constitution and laws of the United States.

PAGE 75

# Northen District of Ohio

Ralph Arnold
Plaintiff

V.

Complaint
Civil Action No.

Kyle A. Hauswirth - (Regional Director/Designee)
Carrie Hupka - (Regional Director/Designee)
- Harmaine Bracy - (WARDen)
Reena Gordon - (Unit Manager Chief)
Joe Remish - (Unit Manager)
Scott Nowak - (Case Manager)
'S agaisnt, indivually and in their Official Capacities
Defendant(s)

## PRAYER for Relief

157.) Declare that Defendant(s) violated Plaintiff's fourteenth, Eighth, and fifth Admendment rights whey they recommended or retained Plaintiff in (EN) ~~status~~ status while callously, recklessly, maliciously, ~~pun~~ And puntively, disregarding O.D.R.C. Policies, Rules, Regulations, ~~and~~ and Guidelines that "they" Defendant(s) are legally responsible to ensure and enforce.

58.) Declare Defendants Remish and Nowak violated Plaintiff's fourteenth, Eighth, and fifth Admendment rights when they as ERH Review Committee members on the date of (9.25.23) re~~com~~mended Plaintiff Arnold be retained in (EN) status while callously, and puntively disregarding the Guidelines set forth~~e~~ within O.D.R.C. Policy 53-CIS-10-Level E Security Reviews.

59.) Declare Defendant Reena Gordon violated Plaintiff's fourteenth, Eighth, and fifth Admendment Rights whe she acted as Managing Officer

PAGE 76

# Northen District of Ohio

Ralph Arnold
Plaintiff

Complaint
Civil Action No.

V.

Kyle A. Hauswirth - (Regional Director/Designee)
Carrie Hupka - (Regional Director/Designee)
-Harmaine Bracy - (Warden)
Leena Gordon - (Unit Manager Chief)
Joe Remish - (Unit Manager)
Scott Nowak - (Case Manager)
'S agaisnt, indivually and in their official capacities
Defendant(s)

## PRAYER For Relief

13%) o cont:

159.) 1/ Designee on the date of 9.28.23 and recommended Plaintiff Arnold be rataindin (EN) status without benefit of utilizing the Appeal Plaintiff filed, and thus callously and puntively disregared the Procedure setforth within O.D.R.C. Policy 53-CIS-10, which Gordon is legally responsible to ensure and enforce.

160.) Defenda Declare Defendant Bracy, violated Plaintiff's fourteenth, Eighth, and fifth Admendments Rights, when she failed to correct an obvious Procedural Due Process violation in the Administrative Record on the Date of 10.3.23, on said date Plaintiff Arnold Notified Bracy that her chosen Managing officer/Designee Defendant Gordon arbitrarily recommended Plaintiff be retained in (EN) Status without Benefit of his appeal being utilized, Bracy did nothing to remedy the situation, but to "shrug her shoulders" with deliberate indifference to Plaintiff Arnold constitutional injuries.

PAGE 77

# Northen District of Ohio

Ralph Arnold
Plaintiff

v.

**Complaint**

**Civil Action No.**

Kyle A. Hauswirth - (Regional Director/Designee)
Carrie Hupka - (Regional Director/Designee)
L Harmaine Bracy - (WARDen)
Reena Gordon - (Unit Manager Chief)
Joe Remish - (Unit Manager)
Scott Nowak - (Case Manager)
'S againsnt, indivually and in their official Capacities
Defendant(s)

## PRAYER FOR RELIEF

164) Declare Defendant Hupka and Defendant Hauswirth violated Plaintiffs fourteenth, Eighth, and Fifth admendment Rights when they as Regional Director/Designee's failed to address obvious Procedural Due violations in the Administrative Record and Further failed to address every concern in Plaintiff's written Appeal as mandated in D.D.R.C. Policy 33-C/S-10

162) Declare Plaintiff has suffered constitutional injuries and that his (EN) status is invalid and that Mr. Arnold must be reduce to lower security immediately.

163) Issue an preliminary and permanent injunction ordering Defendant(s) to release Plaintiff from (EN) status and transfer Plaintiff Arnold to a Level 3 Prison being that he has been falsely imprisoned in (EN) status the last five

PAGE 78

# Northen District of Ohio

Ralph Arnold
Plaintiff

V.

Kyle A. Hauswirth - (Regional Director/Designee)
Carrie Hupka - (Regional Director/Designee)
Harmaine Bracy - (Warden)
Reena Gordon - (Unit Manager Chief)
Joe Remish - (Unit Manager)
Scott Nowak - (Case Manager)
's againsnt, indivually and in their official Capacities
Defendant(s)

Complaint

Civil Action No.

163 cont. →

## Prayer for Relief

163) (5) years plus without Due Process; Plaintiff Argues that if he was released (5) years ago, it would take him only eighteen (18) months to transfer to a Level 3 security prioson if his behavior met criteria Guidelines, outlined in Policy (53-CLS-04); Plaintiff Argues he meets criteria Guidelines, Plaintiff in the last (5) years has not Been to the "hole" and has not had a single Conduct Report in nearly (4) years.

164) Issue an Preliminary and permanent injunction requiring Defendant(s) (whom it Concerns) to designate Plaintiff as a Longterm (EN) status inmate with all subsequent privileges; longterm status inmates receive Such as contact visits, more recreation food and clothes Boxes Etc, Etc, longterm is designated for inmates they feel will be in O.S.P. indefinte years, Plaintiff has Been in O.S.P. 15+ years if that not Longterm? Plaintiff has never received any

PAGE 79

# Northen District of Ohio

RalphArnold        Complaint

PlaintiFF        Civil Action No.

V.

Kyle A. Hauswirth -(Regional Director/Designee)

Carrie HupKA -(Regional Director/Designee)

-Harmaine Bracy-(WARDen)

Reena Gordon- (UNit MaNager CHieF)

Joe Remish- (UNit MaNager)

Scott NoWaK-(CASE MaNAGER)

5 agaisnt, indivually and in their oFFicial Capacities

DeFendant(s)

## PRAYER for Relief

164.) oF the aforementioned Privileges in 15 plus years in O.S.P. thus Plaintiff respectfully request that injunction is So ordered.

165.) issue a Preliminary and Permanent injunction requiring Defendant Bracy to release Plaintiff From the five(5)man/LT. Escort She placed him under indefinitely for no penological security purpose, as stated Plaintiff has not been to the "Hole" in 5 plus years or Received s a conduct Report in nearly four (4) years thus Plaintiff has Been a Model Prisoner when Plaintiff made this arguement to Bracy She stated that the (5) man/Lt. Escort was not a "punishment" when in Fact Plaintiff argues it is a punishment being that he ~~eligible~~ is eligible to be housed in the Level EN incentive Honor Block but has been denied access to said Block because of this (5) man escort, Plaintiff has been denied Access to programs and CHurch

PAGE 80

# Northen District of Ohio

Ralph Arnold
Plaintiff

Complaint

Civil Action No.

V.

Kyle A. Hauswirth - (Regional Director/Designee)
Carrie HupKA - (Regional Director/Designee)
- Harmaine Bracy - (WARDen)
Reena Gordon - (Unit Manager Chief)
Joe Remish - (Unit Manager)
Scott No Wak - (Case Manager)
is agaisnt, indivually and in their official Capacities
DeFendant(s)

cont.               PRAYer For RELief

165.) SERvices for the sAme reasons, Plaintiff Arnold can not have recreation times, with other inmates for the same "Reasoning", and their are other issues at hand because oF this "Reasoning" Plaintiff futher argues his (5) man Escort is not supported by O.D.RC. Policy nor is it mentioned in the O.S.P. In mate Hand Book, thus their are no Guidelines or criteria governing this decision, thus it inherently violates Plaintiff Arnold's Fourteenth and Eighth Admendment Rights. During the preparation oF Plaintiff Arnold Section 1983 DeFendant Bracy was the acting warden in O.S.P she no longer holds that title in O.S.P, During Bracy tenure Plaintiff Exhausted his Remedies to Columbus regarding Bracy and this issue with no response to his Grievance Filed, thus Plaintiff respectfully seeks an injunction or will Have to Admend his complaint seek closure. X Also of note Plaintiff has been been anchored since 2018 on 5/man Escort.

PAGE 81

# Northen District of OHio

Ralph Arnold

 Plaintiff

 V.

Kyle A. Hauswirth-(Regional Director/Designee)

Carrie HupKA-(Regional Director/Designee)

-Harmaine Bracy-(WARDen)

Reena Gordon- (UNit MaNAgER CHieF)

Joe Remish- (UNit MaNAger)

Scott NoWak-(CaSE MaNAger)

Sagaisnt, indivually and in their oFFicial Capacities

DeFendant(s)

## PRAYER FOR RELiEF

166.) Award Plaintiff Arnold Compensatory damages for his mental and emotional injuries in the amount of 50,000 against eacH deFendant, jointly and severally.

167.) Plaintiff seeks Punitive damages in the amount of 50,000 against eacH, defendant, jointly and severally.

168.) Plaintiff seeks nominal damages oF 200.00 dollars agaisnt each deFendant, jointly and severally.

169.) Plaintiff Arnold seeks a jury trail on all issues triable by jury.

170.) Plaintiff seek recovery of cost in this suit (Filing Fee ETC.)

PAGE 82

Northen District of OHio

Ralph Arnold

Complaint

Plaintiff

Civil Action No.

V.

Kyle A. Hauswirth (Regional Director/Designee)
Carrie HupKA - (Regional Director/Designee)
-Harmaine Bracy- (WARDen)
Reena Gordon- (Unit Manager CHieF)
Joe Remish- (Unit Manager)
Scott NoWak- (CASE Manager)
5 agaisnt, indivually and in their official capacities

DeFendant(s)

PRAYER FOR RELiEF

17½) Any Additional RelieF this court deems just, Proper and Equitable

DAtEd: JANUARY 27, 2024

RESPECtFUlly SUbMittEd, RAlPH ARNOld
# 388-487
OHiO STATE PENiTentiARY
878, CoitsVillE Hubbard RoAd
Youngstown, OHiO 44505

VERiFication

I have read the Foregoing complaint and hereby verify that the matters alleged therein are true, EXcept as to matters alleged on information and belieF, and, as to those I believe them to be true. I certify under penalty oF Perjury that the Foregoing is true and Correct. ——→ PAGE 83

Northen District of OHio

Ralph Arnold        Complaint

PlaintiFF        Civil Action No.

V.

Kyle A. Hauswirth-(Regional Director/Designee)

Karrie HupKA-(Regional Director/Designee)

CHarmaine Bracy-(WARDen)

Reena Gordon-(UNit MaNAger CHieF)

Joe Remish-(UNit MaNAger)

Scott NowaK-(CasE MaNAger)

is agaisnt, indivually and in their oFFicial CapacAties

DeFendant(s)

Executed AT OHio STATE PENitentiary

ON JANUARY 27, 2024

*Ralph Arnold*

RAlpH ARNOld

PAGE 84